Dye, J.
In this appeal, by permission, the question posed is whether the president of the plaintiff corporation, at the time the action was originally instituted, had the power, as president, to institute the action on behalf of the corporation. In answering such question in favor of the plaintiff both Special Term and the court below correctly applied the accepted principle that when there has been no direct prohibition “ the president has presumptive authority, in the discharge of his duties, to defend and prosecute suits in the name of the corporation ” (Rothman & Schneider v. Beckerman, 2 N Y 2d 493, 497; Matter of Paloma Frocks [Shamokin], 3 N Y 2d 572; Twyeffort v. Unexcelled Mfg. Co., 263 N. Y. 6; Hardin v. Morgan Lithograph, Co., 247 N. Y. 332).
This is as it should be for unless the president actually or impliedly possesses such power the corporate interests may be prejudiced if not entirely destroyed. While, ordinarily, the powers of the president of a corporation are often enumerated either in the articles of incorporation or in the by-laws, it is not usual to find in them any reference to the power to defend or institute litigation in the name of the corporation. However, such an omission does not mean that the power is nonexistent for, in situations requiring the exercise of such power to preserve and protect the interests of the corporation, it will be implied. This case presents such a situation.
According to the complaint, the allegations of which we assume to be true, as and for a first cause of action, the plaintiff alleges that it had been wrongfully and improperly required to pay for work, labor and services entering into the construction of the Forest Hills apartment, owned and built by the defendant Lizau Realty Corp., amounting to approximately $200,000. For a second cause of action, the plaintiff alleges that the individual defendants had, by their wrongful and improper conduct in *347 connection with the building of such apartment, violated their fiduciary duties as directors and officers of the plaintiff corporation; that the apartment house having been sold, the said individual defendants had, or are about to cause, the dissolution of Lizau Realty Corp., and to distribute its assets among themselves as the sole remaining stockholders. The president of West View, under the circumstances, would not have been justified in postponing action until such time as the board had affirmatively authorized commencement of suit. According to the complaint, they had their own selfish interests to protect which were contrary to the interests of the corporation. While there is no danger of a deadlock, as in Rothman (supra), the principle is the same in either event for it is the corporation whose interests are affected, and it was for the purpose of protecting and preserving the corporate interest that prompted the president to institute this suit.
We point out that in Rothman (supra), which dealt with an internal problem between equally divided interests in a close corporation, we recognized that a corporation is a separate, independent legal entity notwithstanding that, for convenience, the parties managed the corporation in disregard of accepted corporate procedures, much in the manner of a partnership. Here, the necessity of recognizing that a corporate entity has independent, separate legal rights is even more emphatic. Allegedly, West View had been charged with and required to pay for construction costs incident to a building in which it had no interest. The coincidence that the plaintiff and defendant corporations were owned by the same individuals who, in turn, constituted the respective boards of directors makes it even more imperative to recognize that West View, as a corporation, has an independent and separate cause of action.
This is not the classic situation requiring resort to a stockholders’ derivative action to protect minority interests. To be sure, President Zaubler, as an individual stockholder, is now in the minority, but that fact does not deprive him of his right and duty to perform the obligations and functions of his office as president, nor does it prevent the corporation, as a corporation, from commencing an action in its own behalf simply because a majority of its board of directors are in a position to withhold authorization.
*348 Our holding in Sterling Inds. v. Ball Bearing Pen Corp. (298 N. Y. 483, 490) is not authority to the contrary, for there the holding was dictated by the circumstances of that case, since 1 ‘ Any actual or implied authority which [the president] may have had as president ’ ’ to bring suit was effectively 1 ‘ terminated when * * * the board * * * refused to sanction it ”. Thus, Sterling does not hold that under all circumstances the president is without authority to institute or defend litigation in the name of the corporation unless actually so authorized. Here the board has taken no action, since the parties limited the within issue to the question of the president’s power to initiate the litigation in the name of West View, they having stipulated that the present directors would take no further action in the premises pending the determination of that issue.
Absent a provision in the by-laws or action by the board of directors prohibiting the president from defending and instituting suit in the name of and in behalf of the corporation, he must be deemed, in the discharge of his duties, to have presumptive authority to so act. Under these circumstances, the within action was properly instituted by the president in the name of the corporation, in the exercise of his implied authority to protect and preserve the interest of the plaintiff corporation. The fact that the corporation was inactive for several years in no way serves to relieve or excuse him from duty.
The order appealed from should be affirmed, with costs, and the question certified answered in the affirmative.