■ ALI BABA CREATIONS, INC., et al., Respondents, v. CONGRESS TEXTILE PRINTERS, INC., et al., Appellants.— Order, Supreme Court, New York County, entered on December 22, 1972, denying defendants' motion to dismiss the complaint, unanimously reversed, on the law, without costs and without disbursements, the motion granted and the complaint dismissed with leave to plaintiffs to apply at Special Term to serve an amended complaint within 20 days after the date of entry of the order to be entered hereon, and without prejudice to the commencement of any other action plaintiffs deem advisable, if any. The complaint alleges that in June, 1970 the individual defendants, officers and directors of both defendant corporations, transferred all the assets of defendant Maet Swimwear, Ltd., to defendant Congress Textile Printers, Inc., without consideration, in order to prevent Maet's creditors from satisfying their claims. One of the plaintiffs is a judgment creditor of Maet. The other is said to be its creditor. Plaintiffs rely on section 720 of the Business Corporation Law to sustain their complaint which seeks money damages. However, section 720 permits an action against a director or officer to: (1) compel the defendant to account for his official conduct; (2) set aside an unlawful conveyance of corporate assets; or (3) enjoin a proposed unlawful conveyance of corporate assets. None of these remedies is sought herein. The section may not be utilized to obtain a money judgment in an action at law. (See *Krauss* v. *Dinerstein*, 62 Misc 2d 682; CPLR 3211, subd. [e]; *Cushman & Wakefield* v.

*John David, Inc.*, 23 A D 2d·827; *Cushman & Wakefield* v. *John David, Inc.*, 25 A D 2d 133.)  Concur — Nunez, J. P., Lane, Steuer and Capozzoli, JJ.