■ JOSEPH POLCHINSKI COMPANY et al., Appellants, v CEMETERY FLORAL COMPANY, INC., et al., Respondents.—In an action pursuant to article 15 of the Real Property Actions and Proceedings Law, plaintiffs appeal from an order of the Supreme Court, dated April 28, 1980 and entered in Westchester County, which granted defendants' cross motion to dismiss the complaint pursuant to CPLR 3211 (subd [a]) on the ground, *inter alia,* that the commencement of the action was not properly authorized by the plaintiff corporation, and, in effect, denied plaintiffs' motion for a preliminary injunction. Order reversed, on the law, with $50 costs and disbursements, motion for a preliminary injunction granted and cross motion to dismiss denied. The matter is remitted to

Special Term to fix the amount of a bond (see CPLR 6312, subd [b]). In this action for the declaration of an easement in favor of the corporate plaintiff across land owned by the individual defendants and leased to the corporate defendant, defendants contend that the commencement of the action solely at the behest of the plaintiff corporation's president was unauthorized. However, it is well settled that "Absent a provision in the [certificate of incorporation or] by-laws or action by the board of directors prohibiting the president from defending and instituting suit in the name of and in behalf of the corporation, he must be deemed, in the discharge of his duties, to have presumptive authority to so act" *(West View Hills v Lizau Realty Corp.,* 6 NY2d 344, 348). Since the certificate of incorporation and by-laws of the corporate plaintiff do not restrict this "presumptive" power, it must be concluded that the corporate president possessed the requisite authority to act to protect the corporate interests (see *Cicero Ind. Dev. Corp. v Roberts,* 63 Misc 2d 565), especially where it appears that, by resolution dated April 24, 1980, the board of directors voted to authorize the instant lawsuit (see *Byers v Baxter,* 69 AD2d 343; see, also, Business Corporation Law, § 701). Thus, even if initially unauthorized, it would appear that this subsequent resolution would serve to ratify the earlier action taken by the corporate president. In the atlernative, defendants maintain that a by-law of the corporate plaintiff, which states, *inter alia,* that "At all meetings of [the] stockholders, all questions * * * shall be determined by a unanimous vote of the stockholders", required the unanimous consent of the plaintiff corporation's shareholders in order to institute this action. We cannot agree. By statute, any restriction on the powers of the board of directors must be placed in the certificate of incorporation (Business Corporation Law, §§ 701, 620, subd [b]), so that a by-law would be ineffective to shift this managerial prerogative into the hands of the shareholders (Business Corporation Law, § 601, subd [c]; see *Model, Roland & Co. v Industrial Acoustics Co.,* 16 NY2d 703). Moreover, it is extremely doubtful whether the cited by-law can be read in the manner which defendants suggest. Finally, but not least importantly, this by-law would appear to be ineffective in any event, as subdivision (b) of section 614 and section 616 (subd [a], par [2]) of the Business Corporation Law prohibit the requirement of a greater than majority vote by the shareholders for the transaction of corporate business unless the certificate of incorporation so provides (see *Model, Roland & Co. v Industrial Acoustics Co., supra).* Accordingly, since there is no parallel provision in the corporate plaintiff's certificate of incorporation, the statutory norm of majority voting would appear to be applicable herein (Business Corporation Law, § 614, subd [b]). As the corporate president possessed the requisite authority to commence the instant lawsuit, so much of the determination of Special Term as is based upon a contrary conclusion must be reversed. In addition, the complaint adequately states a cause of action for relief under article 15 of the Real Property Actions and Proceedings Law (cf. RPAPL 1501, 1515; *Guggenheimer v Ginsburg,* 43 NY2d 268, 275). In our view, plaintiffs' motion for a preliminary injunction should be granted in order to preserve the *status quo* during the pendency of the action. Mangano, J. P., Gibbons, Gulotta and O'Connor, JJ., concur.