■ PATTI J. WHITMAN, Respondent, v WILBUR J. WHITMAN, Appellant. — Appeal from that portion of an order of the Supreme Court at Special Term (Hughes, J.), entered May 20, 1982 in Ulster County, which denied defendant's cross motion for dismissal of the action. In the instant action, plaintiff seeks upward modification of child support provided in a separation agreement that was incorporated into a Mexican divorce decree. Plaintiff had made a prior application for similar relief. That application (erroneously designated a special proceeding) was dismissed by Special Term (Pennock, J.) in January, 1981, when plaintiff failed to timely oppose defendant's CPLR 3211 motion. Thereafter, plaintiff commenced the present action and defendant cross-moved, *inter alia,* pursuant to CPLR 3211 (subd [a], par 5) to dismiss on the ground that this action is barred by the doctrine of *res judicata.* This motion was denied by Special Term and the instant appeal ensued. The sole issue on appeal is whether *res judicata* bars the present action. In this regard, we are instructed that: "A judgment resulting from the grant of a CPLR 3211 motion is not res judicata of the entire merits of the case (unless the motion has been

treated as one for summary judgment), but it is res judicata of what ever it determined * * *. Investigation must therefore be made to determine precisely what the judgment granting the dismissal covers" (Siegel, NY Prac, § 276, p 332). We agree with Special Term that a review of Mr. Justice Pennock's order and "letter decision" reveals that the prior proceeding was dismissed upon the ground that plaintiff failed to timely oppose the motion and upon the ground that the court lacked personal jurisdiction. As no determination was made on the merits, the prior order does not bar maintenance of this action. The order appealed from should be affirmed. Order affirmed, with costs. Sweeney, J. P., Kane, Main, Casey and Weiss, JJ., concur.