ELMS SECURITIES CORPORATION, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Elms Sec. Corp. v. Commissioner
Docket No. 14167-86.
United States Tax Court
T.C. Memo 1987-162; 1987 Tax Ct. Memo LEXIS 158; 53 T.C.M. (CCH) 440; T.C.M. (RIA) 87162; March 25, 1987. Eric A. Seiff, for the petitioner. Mitchell B. Hausman, for the respondent. PANUTHOS
MEMORANDUM FINDINGS OF FACT AND OPINION PANUTHOS, Special *159 Trial Judge: This case is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction and petitioner's Motion for Leave to Amend Petition. [1] The sole issue for consideration is whether Laurence M. Brown (hereinafter Brown) has authority to bring this action on behalf of petitioner under Rules 23(a)(3) and 60(c). FINDINGS OF FACT At the time of filing the petition herein, the principal place of business of petitioner was New York, New York. The notice of deficiency, dated February 14, 1986, determined a deficiency in petitioner's Federal income tax for the taxable year ended June 30, 1982 in the amount of $268,920. The primary adjustments are disallowed management fees and a disallowed net operating loss deduction. A petition was filed with the Court on May 15, 1986. The petition is executed by Brown. Below the signature line *160 the following information appears: Laurence M. Brown, Member of the Board of Directors, Elms Securities Corporation, 660 Madison Avenue, New York, New York 10021, Telephone: (212) 731-0330 Respondent's Motion to Dismiss for Lack of Jurisdiction is premised on the theory that Brown is not a proper person to sign the petition. In response to the Motion to Dismiss, petitioner's Motion for Leave to Amend was filed on August 21, 1986. The Amendment to Petition was lodged on the same date. Petitioner (through Brown) seeks to substitute the signature of counsel for that of Brown. The Court finds the following facts based upon the submissions of the parties including oral stipulations and the Affidavit of Brown, filed January 29, 1987. Petitioner is a closely-held New York corporation which conducted trading activities in various securities. Petitioner ceased all trading activities on January 6, 1983. Brown, as a director of petitioner, advised the National Association of Securities Dealers, Inc. of the cessation of trading activity at that time. Prior to 1983, the individuals who held offices and/or were directors of petitioner and the respective dates of their resignations *161 are as follows: Howard Samuels
Chairman/Director
June 30, 1982
Andrew Reegan
President
August 17, 1982
Alan Kral
President
December 17, 1982
Nicholas Capano
Treasurer/Secretary
December 31, 1982
Saul Dworkin
Vice President
January 31, 1983
Bruce H. Lipnick
Director
November 1, 1982
Terrence T. Herzog
Director
May 13, 1983
Laurence M. Brown
Director
As of August 20, 1982 there were three stockholder/directors: Terrence Tobius Herzog, Bruce Howard Lipnick, and Brown. On or about September 28, 1982, Mr. Lipnick sold his shares back to petitioner. Mr. Herzog resigned as director effective May 13, 1983. It is not entirely clear if he remained a shareholder. [2] Brown indicates in his Affidavit that he cannot determine if Mr. Herzog is or is not a shareholder. Brown further indicates that since Mr. Herzog's resignation, the latter has not participated in any activities regarding petitioner. *162 Petitioner and Brown (in his individual capacity) were named defendants in a lawsuit in the United States District Court for the Northern District of Texas sometime in 1984. Counsel representing both defendants (the same counsel that has filed an appearance in this litigation) filed pleadings and motions on behalf of both defendants. Petitioner was also named as a defendant in a lawsuit in the Superior Court of the State of California for the County of Los Angeles in 1983. Brown, in January of 1984, authorized California counsel to defend petitioner's interest. In support of his authority to represent petitioner, Brown, in his Affidavit dated January 22, 1987, states as follows: 9. Because the petitioner has not actively conducted business for approximately four (4) years, there have been no formal meetings of the shareholders or directors. But more significantly, prior to these four years of inactivity, my authority to engage counsel for litigation and file the necessary documentation was both implied and orally expressed; invariably my actions were accepted, and not criticized by the shareholders, directors and officers. No formal approval was required then; nor is it *163 required now. 10. It seems that at this stage when the corporation is not active, no business is conducted, and no meetings are held to discuss its management, it is within my authority and indeed my responsibility to do what I always have been repeatedly authorized to do -- institute a legal proceeding for the protection and preservation of the corporate interest when the corporation's action has been challenged, as it has here with respect to its tax return for the tax year ending June 30, 1982. * * * Respondent's position is that Brown has not established that he was authorized to act on behalf of petitioner. In contrast, petitioner argues that Brown, under the particular facts and circumstances of this case, as a director, satisfies the provisions of Rule 23(a) and Rule 60. Petitioner also argues that Brown had implied authority based upon his prior activities with respect to this corporation. OPINION Rule 60(c) provides in part as follows: (c) Capacity: The capacity of an individual, other than one acting in a fiduciary or other representative capacity to engage in litigation *164 in the Court shall be determined by the law of his domicile. The capacity of a corporation to engage in such litigation shall be determined by the law under which it was organized. * * * The burden of proof in establishing jurisdiction is upon the party claiming its existence. [3] The parties agree that we must look to New York law to determine whether Brown had authority to file this action on behalf of petitioner. Brown's activity as a member of the Board of Directors would be governed by N.Y. Bus. Corp. Law sections 701-727 (McKinney 1963).
Pursuant to New York law, the business of a corporation is to be managed by the board of directors. N.Y. Bus. Corp. Law section 701 (McKinney 1963). The question of whether to commence a lawsuit on behalf of a corporation is a decision to be made by the directors. Rosengarten v. Intern. Tel. & Tel. Corp.,466 F.Supp. 817, 822 (S.D.N.Y. 1979). *165 A majority of the directors present at the time of a vote at a meeting is required for action. N.Y. Bus. Corp. Law section 708(d) (McKinney 1963). The number of directors constituting the entire board cannot be less than three, unless there are less than three shareholders. In such case the number of directors cannot be less than the number of shareholders. N.Y. Bus. Corp. Law, section 702(a) (McKinney 1963). Having carefully examined the record in this case, we believe petitioner has satisfied its burden of proof that Brown has sufficient authority to act on its behalf. Clearly, Brown is the only remaining officer or director and the only person who could possibly act on behalf of this corporation. While not entirely free from doubt, it further appears likely that he is the sole remaining shareholder. We do not believe, however, that we need to decide whether Brown has satisfied all the technical provisions of New York law such that he had actual authority to act; we are satisfied under these facts, that in acting on behalf of petitioner, he was impliedly authorized to act. Under New *166 York law, where there has been no direct prohibition by the board of directors, the president of a corporation has presumptive authority to defend and prosecute suits in the name of the corporation. Rothman & Schneider v. Beckerman,2 N.Y. 2d 493, 497, 161 N.Y.S. 2d 118, 121, 141 N.E. 2d 610, 613 (1957). See also NYF Proper Properties Corp. v. SB Investors, Ltd.,96 A.D. 2d 481, 464 N.Y.S. 2d 37 (1983); Roos v. Aloi,127 Misc. 2d 864, 487 N.Y.S. 2d 637 (Sup. Ct. 1985). Generally, the implied authority of the president will not rest in another officer; however, where such officer has alone been running the corporation, generally without intervention or direction from the board of directors or president, there is no reason, in law or practice, why he should not be able to defend or prosecute suits in the name of the corporation. Rothman & Schneider v. Beckerman,supra.
In this case, it appears that Brown has been acting as the president of the corporation. He has attended to the day to day affairs of the corporation; and has defended lawsuits in the name of the corporation since it became inactive in 1983. *167 Thus, it appears that Brown has implied authority to litigate this matter in the name of the corporation. Additionally, regardless of whether Brown's official title is "president" or "director", or some other executive label, from the record, it appears that he is the only person who can, or will, act on behalf of the corporation. Unless Brown impliedly possesses the power to act on behalf of the corporation, the corporate interests may be prejudiced, if not entirely destroyed. West View Hills, Inc. v. Lizau Realty Corp.,6 N.Y. 2d 344, 189 N.Y.S. 2d 863, 160 N.E. 2d 622 (1959). In situations requiring the exercise of power to preserve and protect the interests of the corporation, such power will be implied. West View Hills, Inc. v. Lizau Realty Corp.,supra.We believe that this is such a situation. Accordingly, we conclude that Brown has the implied power to maintain this action on behalf of the corporation. For the reasons stated herein, respondent's Motion to Dismiss for Lack of Jurisdiction will be denied; and, petitioner's Motion for Leave to Amend Petition will be granted. An appropriate order will be issued.
Footnotes
1. This case was assigned pursuant to section 7456 (redesignated as section 7443A by the Tax Reform Act of 1986, Pub. L. 99-514, section 1556, 100 Stat. 2755) and Rule 180. All section references are to the Internal Revenue Code of 1954, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. In a letter written to Brown on May 13, 1983, Mr. Herzog submitted his resignation and also asked that his financial interests in petitioner be liquidated. No information has been provided as to whether Mr. Herzog's shares of stock were, in fact, liquidated.↩
3. See American Police and Fire Foundation Inc. v. Commissioner,T.C. Memo. 1981-704↩.