■ HAPPY BANANA, LTD., Respondent, v TISHMAN CONSTRUCTION CORPORATION OF N. Y. et al., Appellants.

Plaintiff alleges that defendants' activities in constructing and renovating a building next door to its restaurant so interfered with its customer traffic as to force it to go out of business. Upon completion of disclosure, defendants moved to dismiss the complaint on the ground that plaintiff's president, who had resigned in December 1988 as part of an arrangement with its creditor, did not have the authority to commence the action in January 1989. In opposition, plaintiff presented an affidavit from the ex-president stating that he was plaintiff's secretary at the time the action was commenced, and an affidavit from the creditor to the same effect and also stating that the action was authorized by plaintiff's Board of Directors.

The motion to dismiss was properly denied for lack of proof that plaintiff did not authorize commencement of an action *(see, Vishipco Line v Chase Manhattan Bank,* 660 F2d 854, *cert denied* 459 US 976). Absent a bylaw prohibition, a president is normally empowered to institute an action (Business Corporation Law § 715 [g]; *Polchinski Co. v Cemetery Floral Co.,* 79 AD2d 648). Where, as here, the secretary of a corporation was apparently alone conducting its business affairs, there is no reason why he should not be able to institute an action on the corporation's behalf against an outsider *(see, Rothman & Schneider v Beckerman,* 2 NY2d 493). Concur—Rosenberger, J. P., Wallach, Kupferman, Asch and Rubin, JJ.