■ JOHN SERBALIK, Appellant, v MARY K. GRAY, Respondent. [659 NYS2d 522] —Peters, J. Appeal from an order of the Supreme Court (Dier, J.), entered August 2, 1996 in Warren County, which, *inter alia*, denied plaintiff's motion for a preliminary injunction.

Plaintiff and defendant are adjoining landowners in the Town of Queensbury, Warren County. Plaintiff purchased his property as a summer home in 1971 and defendant purchased her property for year-round use in 1991. Since plaintiff's property is landlocked from the nearest road by defendant's property, both deeds specify that plaintiff holds "a right of way two rods[1] wide along the shore of the aforesaid swamp to the highway, which begins at the Grove Hotel above mentioned".[2] Plaintiff contends that, at all times, he used the sand and gravel driveway on the right-of-way as his sole ingress and egress to his property, even after the previous owner of defendant's property, Ronald Reinbold, placed eight-inch by eight-inch landscaping timbers along the right-of-way sometime in the 1980s. However, plaintiff contends that when defendant replaced the landscape timbers in 1994 in a manner which made the timbers rise from the ground to an approximate height of six inches, his right-of-way was restricted to a passage ranging from 9 feet 8 inches in width to anywhere up to 12 feet 4 inches in width. Hence, he asserted that it is now "impossible for vehicles to turn around in the said right of way and * * * it [is] extremely difficult for drivers of large utility vehicles and vans to navigate through the * * * available space". Plaintiff further contends that the right-of-way became even more restricted when defendant planted a row of hemlock trees along such landscape timbers in May 1996, even though such trees were not planted within the sand and gravel driveway. Finally, notwithstanding the designation of a triangular parcel of land within defendant's boundary line (herein-

1. One rod is equal to 16¹/₂ feet.

2. The record reflects that this right-of-way, essentially in its present form, was excepted and reserved in the first deed emanating from the subdivision of this property in 1903.

after the disputed parcel), plaintiff claims title to such parcel by adverse possession.

Presumptively as a result of notification by the Town of Queensbury to plaintiff that he was required to install a sewerage disposal holding tank, thus requiring large utility vehicles to pass across the right-of-way, this action was commenced pursuant to RPAPL article 15. Plaintiff sought a preliminary injunction ordering defendant to remove all obstructions from the width of its deeded right-of-way and sought a declaration that title to the disputed parcel vested in him pursuant to the theory of adverse possession. Defendant cross-moved for a dismissal of the adverse possession claim. Supreme Court denied plaintiff's motion for a preliminary injunction and granted defendant's cross motion. Plaintiff now appeals.

It is well settled that "[t]he decision to grant or deny provisional relief, which requires the court to weigh a variety of factors, is a matter ordinarily committed to the sound discretion of the lower courts" (*Doe v Axelrod*, 73 NY2d 748, 750). In so reviewing Supreme Court's determination that a preliminary injunction was unwarranted, we find no error.

The right-of-way under review does not state the express purpose for which it was given. Left to interpret the parameters thereof, general principles dictate that: " 'a man who owns land subject to an easement, has the right to use his land in any way not inconsistent with the easement * * * [T]he extent of the easement claimed must be determined by the true construction of the grant or reservation by which it is created, aided by any circumstances surrounding the estate and the parties, which have any legitimate tendency to show the intention of the parties' " (*Herman v Roberts*, 119 NY 37, 43, quoting *Burnham v Nevins*, 144 Mass 92). In so doing, we must assess the circumstances of each case to determine whether the stated width of a right-of-way is merely descriptive of the property over which it is granted or determinative of the exact width (*see, Fairfield Props. v Pepe*, 56 AD2d 883, *lv denied* 42 NY2d 805).

In construing the circumstances here presented, we look to the history of the right-of-way as reflected in the parties' deeds coupled with plaintiff's admission that he seeks only to enforce the original purpose of this easement which is, and has always been, ingress and egress to his property. Notably, plaintiff's allegation that defendant's placement of the timbers and trees made his easement impassible was belied by his own photographs showing vehicles parked next to his house. Since construction of the sewerage disposal tank continued during

the course of this litigation, there was ample evidence in the record indicating that trucks and flatbed trailers were able to access plaintiff's property. Even the backhoe operator was able to adequately excavate, even though there was a truck and trailer parked alongside it. Since the evidence further indicated that the sand and gravel road, significantly smaller than "two rods wide", served as his ingress and egress for 25 years without objection, we find that Supreme Court correctly concluded that there was no basis to grant a preliminary· injunction (*see, Doe v Axelrod, supra*).

As to plaintiff's contention that he should be declared the owner of the disputed parcel pursuant to the principles of adverse possession, again we disagree. Even if plaintiff had removed a boundary fence to the disputed parcel in 1971 and had claimed to have exclusively used the property, "factors mitigating against the claim of adverse possession were the intermittent and limited nature of [plaintiff's] use [and his] friendship with [defendant's] predecessors in title" (*Esposito v Stackler*, 160 AD2d 1154, 1155) and the reference in his deed to a judgment rendered in *Jerrold v Roses* (Sup Ct, Warren County, 1959), which declared defendant's predecessor-in-interest to have clear title to this parcel. All of these factors contribute to rebut the presumption that the use was hostile (*see, id.*) and under a claim of right (*see, Van Gorder v Masterplanned, Inc.*, 78 NY2d 1106, 1108). Moreover, plaintiff had repeatedly acknowledged defendant's ownership of such property not only to defendant, but in various documents submitted to the Town of Queensbury. Accordingly, Supreme Court properly dismissed that cause of action.

For all of the foregoing reasons, we affirm the order of Supreme Court in its entirety.

Cardona, P. J., Mercure, Casey and Spain, JJ., concur. Ordered that the order is affirmed, with costs.