■ TJI REALTY, INC., Appellant, v IRVING HARRIS, Respondent. [672 NYS2d 386] —In an action, *inter alia,* for a judgment declaring that a corporate resolution enacted March 26, 1997, is valid, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Coppola, J.), entered August 12, 1997, which, *inter alia,* vacated a stay of a proceeding pending in the Justice Court of the Town of Rye entitled *TJI Realty v Harris Rest. Supply* and dismissed the action.

Ordered that the judgment is reversed, on the law, with costs, the stay is reinstated, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings in accordance herewith.

This appeal concerns the validity of a corporate resolution to withdraw a summary proceeding before a Justice Court. TJI Realty, Inc. (hereinafter TJI), the plaintiff in this action, is a closely-held New York corporation. TJI's directors are Anthony Lanza, Joseph Ciardullo, and the defendant Irving Harris. At all relevant times Irving Harris was also the president of TJI. TJI's sole asset is a commercial property in Port Chester, New York. In November 1978 TJI leased the property to Harris Restaurant Supply, Inc. (hereinafter Harris Supply), for a term of 20 years. Lanza is the sole shareholder of Harris Supply. Over the past few years the relationship among the three directors deteriorated. Pursuant to unrelated litigation commenced by Irving Harris concerning Ciardullo's transfer of his shares to Lanza, Irving Harris allegedly discovered that a rider to the lease between TJI and Harris Supply had been executed which provided for, among other things, a significant reduction in rent. Irving Harris asserted that this new arrangement was undertaken without his knowledge and in the absence of any corporate authorization or justification. He further alleged that the new terms were far below terms that reflect prevailing rates and that the rider, if valid and enforceable, would drive TJI into bankruptcy because the rental income would be insufficient to cover operating expenses. Moreover, Irving Harris asserted that Harris Supply was in violation of various terms of the lease. Accordingly, on or about March 11, 1997, Irving Harris, in his capacity as president of TJI, signed a Demand for Rent and Notice of Default, both of which were served on Harris Supply.

Harris Supply did not comply with the demands. By letter dated March 18, 1997, Lanza and Ciardullo demanded that Irving Harris call a special meeting of the TJI board of directors for March 26, 1997. Irving Harris refused.

On or about March 25, 1997, TJI, by Irving Harris in his capacity as president, commenced a proceeding against Harris Supply in the Justice Court of the Village of Rye pursuant to RPAPL article 7. TJI sought, *inter alia,* the eviction of Harris Supply and various additional and back rent. On March 26, 1997, Lanza and Ciardullo, in accordance with their written demand upon Irving Harris, convened for a special meeting of the TJI board of directors. Lanza and Ciardullo, proceeding in Irving Harris' absence, adopted several corporate resolutions, including one providing for the discontinuance of the Justice Court proceeding. However, the Justice Court, once apprised of the internal strife in TJI, refused all efforts to effectuate the resolution and directed the parties to seek relief before the Supreme Court. Accordingly, on or about May 6, 1997, Lanza commenced this action on behalf of TJI against Irving Harris, seeking, among other things, a declaration that the corporate resolution providing for the discontinuance of the Justice Court action was validly adopted and binding. In defense, Irving Harris argued that, procedurally, the resolution had not been validly adopted and that, substantively, the resolution was void due to, among other things, self-dealing and breach of fiduciary duty by Lanza concerning both the execution of the rider to the lease and the adoption of the corporate resolution at issue (*see, Rapoport v Schneider,* 29 NY2d 396; *Aronoff v Albanese,* 85 AD2d 3; *Conant v Schnall,* 33 AD2d 326).

In the judgment appealed from, the Supreme Court, *inter alia,* dismissed the action. However, the Supreme Court characterized Irving Harris' claims as being in the nature of shareholder's derivative claims immune from board action, and it lifted a stay of the Justice Court proceeding and directed the parties to litigate all remaining matters in that forum. We now reverse.

Pursuant to TJI's by-laws and as a general rule, the business of the corporation is to be managed by its board of directors (*see,* Business Corporation Law § 701; *Matter of Paloma Frocks [Shamekin Sportswear Corp.],* 3 NY2d 572; *Matter of Vogel [Lewis],* 25 AD2d 212, *affd* 19 NY2d 589). However, as here, "[a]bsent a provision in the by-laws or action by the board of directors prohibiting the president from * * * instituting suit in the name of and in behalf of the corporation, he must be deemed, in the discharge of his duties, to have presumptive

authority to so act" (*West View Hills v Lizau Realty Corp.*, 6 NY2d 344, 348; *see also, Happy Banana v Tishman Constr. Corp.*, 179 AD2d 562; *Polchinski Co. v Cemetery Floral Co.*, 79 AD2d 648). Thus, the proceeding in the Justice Court was permissibly commenced by Irving Harris in his capacity as TJI's president. However, given that the business of the corporation is to be conducted by the board of directors, the proceeding may not be maintained by Irving Harris in that capacity if it is contrary to the duly-authorized directives of the board (*see, Leslie v Lorillard*, 110 NY 519; *Hertz v Quinn & Kerns*, 21 Misc 2d 227). Of course, neither the board of directors nor any individual member or members thereof may exercise such authority in violation of, *inter alia,* fiduciary duties owed the corporation (*see,* Business Corporation Law §§ 717, 720; *Rapoport v Schneider, supra,* at 396; *Limmer v Medallion Group,* 75 AD2d 299). Thus, the resolution at issue, if properly adopted and otherwise valid, would warrant dismissal of the Justice Court proceeding. Here, the allegations proffered by Irving Harris involved both the procedural aspects of the adoption of the resolution at issue, and its validity. However, the Supreme Court, in essence, determined only that, procedurally, the resolution at issue was properly adopted, and referred Irving Harris' substantive challenges to the Justice Court proceeding for determination. This was error.

Procedurally, Lanza and Ciardullo adequately complied with the relevant corporate by-laws in adopting the resolution at issue. However, Irving Harris' other challenges to the validity of the resolution fall beyond the subject matter jurisdiction of the Justice Court (*see,* UJCA 201, 208; *Ali Baba Creations v Congress Textile Printers,* 41 AD2d 924; *Krauss v Dinerstein,* 62 Misc 2d 682; *cf., Green v Glenbriar Co.,* 131 AD2d 363). Those issues should be resolved by the Supreme Court as part of its determination as to the validity of the resolution at issue. In addition, such issues may be properly raised by Irving Harris in his capacity as a director of TJI without resort to a shareholder's derivative action (*see,* Business Corporation Law § 720 [b]; *Tenney v Rosenthal,* 6 NY2d 204; *Conant v Schnall,* 33 AD2d 326). Accordingly, the judgment is reversed and the matter is remitted for further proceedings in accordance herewith, without prejudice to any party to seek, if warranted, an appropriate amendment of the pleadings. Pending determination of this action, the Justice Court proceeding is stayed without prejudice to the Supreme Court vacating the stay in the event that the eviction proceeding is transferred to the Supreme Court and joined with the pending action. Rosenblatt, J. P., Ritter, Krausman and Goldstein, JJ., concur.