■ Mary K. Gray, Respondent, v John Serbalik, Appellant. [684 NYS2d 69] —Peters, J. Appeal from an order of the Supreme Court (Dier, J.), entered February 20, 1998 in Warren County, which, *inter alia*, granted plaintiff's motion for a preliminary injunction.

The facts underlying this proceeding have been fully reviewed by us in *Serbalik v Gray* (240 AD2d 999), wherein we affirmed the denial of defendant's motion for a preliminary injunction seeking the removal of a row of hemlock trees and raised landscape timbers lining the driveway within his

claimed right-of-way. Notwithstanding the pendency of that action, on October 15, 1997 defendant and his accomplice entered upon plaintiff's property with a chain saw and cut down three of the five 8 to 10-foot hemlock trees and partially damaged the landscaping timbers lining the subject driveway. Upon defendant's refusal to leave the property, the Warren County Sheriff was called to prevent defendant from engaging in further destruction.*

The instant action seeks a permanent injunction and damages for the intentional destruction of property. By order to show cause, a temporary restraining order and preliminary injunction were sought to prevent further damage and/or destruction and from trespassing or otherwise traveling outside of the borders of the driveway. In defendant's answer and counterclaim, he again alleged an infringement upon his claimed right-of-way. Upon the issuance of a preliminary injunction premised upon the maintenance of the status quo pending a final disposition, defendant appeals.

Absent a finding of an abuse of discretion, the decision to grant provisional relief rests upon the trial court after its consideration of numerous factors (*see*, *Serbalik v Gray*, *supra*, at 1000; *see also*, *Doe v Axelrod*, 73 NY2d 748, 750). Upon our review, we find no basis to disturb the determination rendered by Supreme Court.

Pursuant to CPLR article 63, plaintiff was found to demonstrate "(1) a likelihood of ultimate success on the merits; (2) the prospect of irreparable injury if the provisional relief is withheld; and (3) a balance of equities tipping in [its] favor" (*Doe v Axelrod*, *supra*, at 750; *see*, *Grant Co. v Srogi*, 52 NY2d 496, 517). As we agree that the first prong of the test was clearly satisfied by our determination in the prior action (*see*, *Serbalik v Gray*, *supra*), we find that defendant's removal of the precise obstructions that we ordered to remain intact in the prior action supported not only the showing of irreparable injury (*see*, *Wiederspiel v Bernholz*, 163 AD2d 774), but also that the balance of the equities tipped in plaintiff's favor. Wholly rejecting each and every contention raised by defendant, we affirm the determination rendered as a sound exercise of discretion as well as a needed stopgap measure to preserve the status quo during the pendency of both this and the prior action (*see*, *Polchinski Co. v Cemetery Floral Co.*, 79 AD2d 648).

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.

---

* Notably, defendant was charged with criminal mischief in the third degree due to a prior incident in which he damaged plaintiff's landscaping timbers with a pick-ax. After trial, he was acquitted.