■ MARY K. GRAY, Appellant, v JOHN SERBALIK, Respondent. (Action No. 1.) JOHN SERBALIK et al., Respondents, v RICHARD W. GRAY, Appellant. (Action No. 2.) [695 NYS2d 430] —Peters, J. Appeal from an order of the Supreme Court (Dier, J.), entered July 16, 1998 in Warren County, which denied a motion by plaintiff Mary K. Gray and defendant Richard W. Gray requesting, inter alia, joinder of action Nos. 1 and 2.

The specific background facts to this appeal were more fully reviewed by us in the related cases of Serbalik v Gray (240 AD2d 999) and Gray v Serbalik (257 AD2d 869). Briefly stated, plaintiff Mary K. Gray (hereinafter Gray) and John Serbalik, who is the defendant in action No. 1 and a plaintiff in action No. 2, are adjoining landowners in the Town of Queensbury, Warren County, currently involved in a lawsuit venued in Warren County concerning the respective rights of the parties regarding Serbalik's right-of-way over Gray's property. During the pendency of this litigation, on October 15, 1997, Serbalik and his employee, plaintiff Michael McBride, allegedly cut down three hemlock trees and damaged some landscaping

timbers belonging to Gray. When Gray, along with her husband, defendant Richard W. Gray, attempted to stop the destruction, a physical altercation involving the parties ensued and the Warren County Sheriff's Office was called.

Gray commenced action No. 1 against Serbalik in October 1997 in Warren County, seeking to recover damages for the destruction of her property as a result of the October 15, 1997 incident. Serbalik and McBride, both Saratoga County residents, then commenced action No. 2 against Gray's husband in November 1997 in Saratoga County seeking damages for personal injuries allegedly sustained in the course of the altercation. Subsequently, Gray and her husband brought this motion seeking a joint trial of action Nos. 1 and 2 and also an order directing that the venue in action No. 2 be changed to Warren County. Supreme Court denied the motion and this appeal followed.

We reverse. Upon review of the record, we disagree with Supreme Court's conclusion that action Nos. 1 and 2 share no common legal issues or factual issues aside from the date of the occurrence (see, CPLR 602 [a]). Both actions clearly arise from the same incident and will require many of the same witnesses. With respect to legal issues, both actions involve consideration as to whether Serbalik and McBride possessed any legal right to remove the timber and whether, and to what extent, any of the parties had any legal justification to use physical force. While the original action involving the actual determination of the parameters of the right-of-way is not one of the actions sought to be joined by this motion, this precise issue is still common to both action Nos. 1 and 2, regardless of which county the cases are heard. We are unpersuaded by the claim that joinder would unnecessarily confuse a jury and, given Supreme Court's familiarity with this litigation, conclude that joinder would not only serve judicial economy but would avoid the possibility of divergent results.

Accordingly, we conclude that Supreme Court erred in denying the motion seeking joinder under the circumstances of this case. Turning to the issue of venue of the joined actions, we note that "[i]n the absence of special circumstances, where actions have been commenced in different counties venue should be placed in the county having jurisdiction over the action first commenced" (*Government Empls. Ins. Co. v Uniroyal Goodrich Tire Co.*, 242 AD2d 765, 766; *see, Rist v Comi*, 260 AD2d 890, 892). Notably, action No. 1 was the first action commenced and we find no special circumstances which would require that the two actions be tried in Saratoga County. All of the parties

except McBride have clear ties to Warren County and it appears that employees of the Warren County Sheriff's Office are potential witnesses. While Serbalik and McBride maintain that a trial in Warren County would inconvenience their Saratoga County physician witnesses, we note that concerns of this nature, while valid, nonetheless carry less weight in venue situations such as this where the respective counties are contiguous (see, Smart v Schweizer, 255 AD2d 856).

Mercure, J. P., Crew III, Spain and Graffeo, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion granted.