JOHN SERBALIK, Appellant, v MARY K. GRAY, Respondent. [702 NYS2d 686] —Peters, J. Appeal from an order of the Supreme Court (Dier, J.), entered December 23, 1998 in Warren County, which, *inter alia*, granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff and defendant are adjoining landowners in the Town of Queensbury, Warren County, with plaintiff purchasing his property in 1971 and defendant purchasing her property in 1991. Plaintiff's property is landlocked by defendant's property resulting in both deeds specifying that plaintiff holds "a right of way two rods wide along the shore of the aforesaid swamp to the highway".[1] For as long as plaintiff owned his property, a sand and gravel driveway has provided him with access. In 1986, a previous owner of defendant's property installed landscaping ties along said driveway which did not affect plaintiff's use thereof. In 1994, defendant replaced the landscaping ties in a manner such that they protruded higher than the previous ones, and created a new turn in the driveway. Contending that these higher ties, exacerbated by newly planted hemlock trees along the outside of the driveway in May 1996, interfered with his use of the right-of-way, plaintiff commenced an action, pursuant to RPAPL article 15, seeking the removal of all obstructions from the right-of-way and a declaration that he be permitted the use of a 33-foot-wide strip which included the use of the driveway. He also claimed possession of a triangular portion of the property by adverse possession. Supreme Court denied plaintiff's motion for a preliminary injunction and granted a motion to dismiss the adverse possession cause of action, later affirmed by this Court (240 AD2d 999).[2]

In September 1997, defendant unsuccessfully cross-moved

---

1. One rod is equal to 16½ feet.

2. This matter was again brought before us when plaintiff entered upon defendant's property with a chain saw and cut down three of the five 8 to 10-foot hemlock trees and partially damaged the landscaping ties lining the subject driveway. A permanent injunction awarding damages for the

for summary judgment in response to plaintiff's motion for sanctions and to compel depositions. After the completion of depositions, defendant again moved for the dismissal of the complaint and for an order pursuant to RPAPL article 15 declaring that the intended purpose of the right-of-way was to provide plaintiff with ingress and egress and that the driveway, as it currently exists, fulfills that purpose. Supreme Court granted defendant's motion, prompting this appeal.

Where a right-of-way is granted over a stated width and does not state the express purpose for which it is given, the circumstances of the case will determine "whether the reference is to the width of the way or is merely descriptive of the property over which the grantee may have such a way as may be reasonably necessary" (*Fairfield Props. v Pepe*, 56 AD2d 883, *lv denied* 42 NY2d 805; *see, Serbalik v Gray*, 240 AD2d 999, 1000, *supra*). As we previously noted: " ' "a man who owns land subject to an easement, has the right to use his land in any way not inconsistent with the easement * * * [T]he extent of the easement claimed must be determined by the true construction of the grant or reservation by which it is created, aided by any circumstances surrounding the estate and the parties, which have any legitimate tendency to show the intention of the parties" ' " (*Serbalik v Gray*, 240 AD2d 999, 1000, *supra*, quoting *Herman v Roberts*, 119 NY 37, 43, quoting *Burnham v Nevins*, 144 Mass 92; *see, Kallen v Feldi*, 192 AD2d 1015, 1017.) Analyzing the history of the right-of-way as reflected in the parties' deeds and considering plaintiff's prior contentions that he sought to enforce the original purpose of the easement which had always been for ingress and egress to his property (*see, Serbalik v Gray*, 240 AD2d 999, *supra*), we find no basis to support plaintiff's current assertion that the right-of-way was also granted for "recreational" purposes. Despite his declarations of a wholesale entitlement to such use and his actual use thereof prior to 1994, buttressed by testimony and affidavits of others, there exists nothing "in the language of the grant suggest[ing] that the plaintiff[ ] had a broad right to use the entire [right-of-way designated] for another purpose" (*Minogue v Kaufman*, 124 AD2d 791, 792; *see, Le Sawyer v Squillace*, 14 AD2d 961, *lv denied* 11 NY2d 648).

Agreeing with Supreme Court that, as a matter of law, the right-of-way was given for the purpose of ingress and egress from the grantee's property based upon the physical location of plaintiff's lot and that any recreational use was incidental

intentional destruction of property was granted and ultimately affirmed by us (257 AD2d 869).

thereto, we next assess whether the current access " 'is reasonably necessary and convenient for the purpose for which it was created' " (*Dalton v Levy*, 258 NY 161, 167). Upon our review, we find that the presently constituted driveway, measuring 12 feet at its widest and 9 feet 8 inches at its narrowest point, has provided and continues to provide a reasonable and convenient means of ingress and egress, fulfilling the purpose for which it was created (*see, Minogue v Kaufman, supra*; *Le Sawyer v Squillace, supra*).

Cardona, P. J., Crew III, Spain and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.