■ Polish-American Media, Inc., Respondent, v Janusz Jozwiak et al., Defendants, and Bozena Kaminski et al., Appellants. [814 NYS2d 713]—

In an action, inter alia, to recover damages for conversion, the defendants Bozena Kaminski, Maria Wolak, Kaya Sawczuk,

and the Polish & Slavic Center, Inc., appeal from so much of an order of the Supreme Court, Kings County (Vaughan, J.), dated March 10, 2004, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

Contrary to the appellants' contention, the president of the plaintiff corporation had the implied authority to institute this action on its behalf. Absent a provision in the certificate of incorporation or bylaws or action by the board of directors prohibiting the president from instituting suit in the name and on behalf of the corporation (*see* Not-For-Profit Corporation Law § 202 [a] [2]), the president must be deemed, in the discharge of his or her duties, to have the authority to do so (*see West View Hills v Lizau Realty Corp.,* 6 NY2d 344, 348 [1959]; *Rothman & Schneider v Beckerman,* 2 NY2d 493, 497 [1957]; *Joseph Polchinski Co. v Cemetery Floral Co.,* 79 AD2d 648 [1980]; *see also Fischer v Maloney,* 43 NY2d 553, 557 [1978]; *Matter of Paloma Frocks [Shamokin Sportswear Corp.],* 3 NY2d 572 [1958]; *compare Sterling Indus. v Ball Bearing Pen Corp.,* 298 NY 483 [1949]). On this record, the appellants failed to establish, prima facie, that the president lacked the implied authority to commence this action. Accordingly, summary judgment was properly denied (*see Ayotte v Gervasio,* 81 NY2d 1062 [1993]).

The appellants' remaining contentions are without merit. Miller, J.P., Mastro, Fisher and Lunn, JJ., concur.