*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

RAN-STARR, INC.,

Plaintiff-Appellant,

v

CRAIG A. HERREMANS,

Defendant-Appellee.

UNPUBLISHED
September 2, 2021

No. 351686
Oceana Circuit Court
LC No. 17-012474-CK

Before: RONAYNE KRAUSE, P.J., and BECKERING and BOONSTRA, JJ.

PER CURIAM.

Plaintiff corporation, Ran-Starr, Inc., appeals by right the trial court's order granting defendant's, Craig A. Herremans's, motion for summary disposition on the grounds that Randy Fedo, as a mere half-owner of plaintiff with no formal authorization, could not unilaterally bring suit on behalf of plaintiff. We affirm.

## I. BACKGROUND

According to plaintiff's complaint, defendant is Vice President, Secretary, and a 50% owner of plaintiff corporation. The complaint also states that Fedo is President, Treasurer, and other 50% owner of plaintiff corporation. Plaintiff does not have any bylaws, has no formal board of directors, and otherwise never formally elected or appointed any officers or directors. Plaintiff contends that Fedo handled almost all of the day-to-day management of the corporation's business, which was the operation of a restaurant. However, plaintiff tacitly concedes that Fedo simply did so to fill a vacancy in management, not pursuant to any formal arrangement. Meanwhile, defendant tacitly does not dispute Fedo's claim that Fedo acted as if he were plaintiff's president, disputing only Fedo's claim that he holds that position in any official capacity. Thus, the two critical matters upon which the parties agree are that Fedo and defendant are the only shareholders of plaintiff, each with a 50% interest, and that plaintiff has no formal bylaws or directorship.

Defendant filed for Chapter 12 Bankruptcy in 2015. In August 2017, plaintiff sued defendant for embezzlement and breach of fiduciary duty after defendant withdrew $15,000 from the corporation's bank account, allegedly without authorization. Plaintiff requested that the trial court issue a permanent injunction against defendant participating in the corporation. Plaintiff

-1-

stated that it needed to spend approximately $160,000 to renovate the restaurant and renew the franchise, and that defendant's withdrawal of the money endangered funds plaintiff needed to make employee payroll payments, acquire restaurant supplies, and remit to the IRS. In lieu of an answer, defendant moved for summary disposition pursuant to MCR 2.116(C)(5) (party asserting the claim lacked the legal capacity to sue) and (C)(8) (party failed to state a claim on which relief could be granted), arguing that there were no shareholder agreements governing shareholder withdrawals and that Fedo was attempting to "litigate [defendant] into the ground" because defendant was already suing plaintiff in another state court case, defendant had initiated a counterclaim against plaintiff for shareholder oppression, and the parties were involved in proceedings in bankruptcy court.

The trial court granted defendant's motion. The trial court's opinion did not specify under which rule it granted the motion, and it only explicitly found that Fedo did not have authority to initiate the lawsuit on behalf of the corporation. Of note, the trial court remarked that "[i]f Fedo has the authority to institute this law suit on behalf of the corporation, [defendant] as 50% owner would have the authority to dismiss the lawsuit," and that "this suit should have been brought as a shareholder derivative action." This appeal followed.

## II. STANDARDS OF REVIEW

This Court reviews de novo a trial court's decision to grant or deny a motion for summary disposition. See *Hoffner v Lanctoe*, 492 Mich 450, 459; 821 NW2d 88 (2012). This Court also reviews de novo whether a party has standing. *Barclae v Zarb*, 300 Mich App 455, 467; 834 NW2d 100 (2013). Although the better practice might have been for the trial court to identify the subrule under which it granted summary disposition, its failure to do so is irrelevant so long as the court's reasoning is discernable and no confusion ensued. *Johnson v Heite*, 243 Mich App 578, 584-585; 624 NW2d 738 (2000); *Computer Network, Inc v AM Gen Corp*, 265 Mich App 309, 312; 696 NW2d 49 (2005). Indeed, appellate courts review grants or denials of summary disposition under the substantively correct rule, irrespective of the rule upon which a trial court relied. *Spiek v Dep't of Transp*, 456 Mich 331, 338 n 9; 572 NW2d 201 (1998).

The trial court granted summary disposition on the substantive reasoning that Fedo, as a mere 50% shareholder with no formal position or power, did not have the authority to unilaterally bring suit against defendant on behalf of plaintiff corporation. The trial court's basis for granting summary disposition was therefore not a lack of legal capacity to sue, which would be properly brought and decided under MCR 2.116(C)(5). "Lack of 'capacity to sue' refers to some legal disability, such as infancy or mental incompetency, which deprives a party of the right to come into court" and does not refer to whether a party has a cause of action. *Moorhouse v Ambassador Ins Co, Inc*, 147 Mich App 412, 419 n 1; 383 NW2d 219 (1985). Rather, the trial court essentially held that plaintiff did not have a right to adjudicate the claimed injury under the circumstances, which is a matter of standing. See *Federated Ins Co v Oakland Co Road Comm*, 475 Mich 286, 290; 715 NW2d 846 (2006). "[T]he real-party-in-interest is not the same as the legal-capacity-to-sue defense," and a defense based on the plaintiff not possessing a cause of action is properly brought under MCR 2.116(C)(8) or (10). *Leite v Dow Chem Co*, 439 Mich 920, 920; 478 NW2d 892 (1992).

It appears that the trial court may have considered materials beyond the pleadings, or at least considered the fact that plaintiff failed to provide evidence of any bylaws it might have, so we will treat summary disposition as having been granted pursuant to MCR 2.116(C)(10). *Cuddington v United Health Svcs, Inc*, 298 Mich App 264, 270; 826 NW2d 519 (2012). Nevertheless, any mistake as to the appropriate subrule is harmless, given the parties' agreements as to the critical facts.[1] When reviewing a motion under MCR 2.116(C)(10), which tests the factual sufficiency of the complaint, this Court considers all evidence submitted by the parties in the light most favorable to the non-moving party and grants summary disposition only where the evidence fails to establish a genuine issue regarding any material fact. *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999).

### III. STANDING OR AUTHORITY TO BRING SUIT

Plaintiff argues that the trial court erred by finding that plaintiff lacked standing or authority to initiate the lawsuit against defendant. We disagree.

Michigan "law treats a corporation as entirely separate from its shareholders, even when one person owns all the corporate stock." *Belle Isle Grill Corp v Detroit*, 256 Mich App 463, 473-474; 666 NW2d 271 (2003). "Michigan law is well settled that a plaintiff may pursue an action against a corporate official in his personal capacity when the plaintiff alleges that the official's own tortious conduct harmed the plaintiff." *Dep't of Agriculture v Appletree Marketing, LLC*, 485 Mich 1, 4; 779 NW2d 237 (2010). However, although a shareholder may bring suit on his or her own behalf to vindicate wrongs personal to that shareholder as an individual, "a suit to enforce corporate rights or to redress or prevent injury to a corporation, whether arising from contract or tort, ordinarily must be brought in the name of the corporation." *Belle Isle Grill Corp*, 256 Mich App at 474.

Plaintiff argues that Michigan law permits Fedo to bring suit on plaintiff's behalf. Plaintiff would be correct, had Fedo pursued a shareholder derivative action, as the trial court noted should have been done.[2] However, under the circumstances and posture of this case, we disagree. Plaintiff relies first on *German Corp of Negaunee v Negaunee German Aid Soc*, 172 Mich 650; 138 NW 343 (1912). In that case, a majority of the members of the defendant corporate entity were opposed to its defense, which was pursued by a finance committee within the defendant corporate entity. *Id*. at 652, 657. As plaintiff points out, our Supreme Court held that under the "special circumstances" of that case, even though the finance committee was a minority of the members, "the finance committee had the right to defend in the name and on behalf of the

---

[1] The parties dispute the propriety of certain exhibits proffered by plaintiff on appeal. We need not address whether those exhibits were proper, because we find it unnecessary to consider those exhibits under the circumstances.

[2] We do not express any opinion as to what Fedo should have done, nor do we express any opinion as to the substantive merits or timeliness of such a claim at this time. However, the trial court was correct that one shareholder may seek redress from another person for a wrong allegedly done to their corporation by commencing a shareholder derivative action. See, e.g., *Dean v Kellogg*, 294 Mich 200, 207-208; 292 NW 704 (1940).

[defendant corporate entity] and to make all necessary provisions to that end." *Id*. However, as plaintiff fails to point out, the "special circumstances" in *German Corp* included the fact that the defendant corporate entity's bylaws expressly conferred responsibility for management of the entire entity upon the finance committee. *Id*. Plaintiff thus omits a fatal factual distinction between *German Corp* and this case: as the parties agree, plaintiff has no bylaws, and Fedo is not even formally a director. Because Fedo has no formal powers beyond being a 50% owner of plaintiff, *German Corp* is irrelevant.

Plaintiff additionally relies on *Ceeder v HM Loud & Sons Lumber Co*, 86 Mich 541, 544-545; 49 NW 575 (1891), and *Altobelli v Hartmann*, 499 Mich 284, 296-297; 884 NW2d 537, 543 (2016), to argue that a corporate president has the authority to handle the corporation's business. However, both of those cases involved agency principles. In both cases, our Supreme Court explained that directors and officers of a corporation should be treated as agents of the corporation, so their acts within the scopes of their employment should be considered binding upon the corporation. *Ceeder*, 86 Mich at 544-545; *Altobelli*, 499 Mich at 297. Presuming Fedo is, in fact, plaintiff's President, then under *Ceeder* and *Altobelli*, Fedo could bind plaintiff in business transactions with third parties. Nowhere did *Ceeder* or *Altobelli* hold that an agent of a corporation had the power to dictate to the corporation. As defendant properly argues, defendant is not objecting to Fedo's ability to do business on behalf of plaintiff, which was at issue in those cases, but rather his authority to sue defendant in the name of the corporation. We also note that there is seemingly no dispute that Fedo styles himself as "President" of plaintiff, but it is questionable whether he holds that position in any formal capacity.

The trial court relied on *Gross v Adcomm, Inc*, 478 SW3d 396, 400-404 (Ky Ct App, 2015), in which the Kentucky Court of Appeals held that a 50% owner of a corporation was not authorized to initiate litigation against the other 50% owner because a corporation could only file suit when a majority of its board voted to do so. "Although not binding, authority from other jurisdictions may be considered for its persuasive value." *Est of Voutsaras v Bender*, 326 Mich App 667, 676; 929 NW2d 809 (2019). Although plaintiff argues that *Gross* is a minority position, the Kentucky Court of Appeals relied on the decisions of several other courts. *Gross*, 478 SW2d at 403-404. In any event, we agree with the trial court's conclusion that *Gross* is substantively persuasive. Defendant, a 50% owner of the corporation, presumably would not have voted to file suit against himself, and, therefore, plaintiff would not have had a majority vote in order to initiate the lawsuit. As the trial court aptly observed, if Fedo had the authority to initiate this suit, then defendant would have had the authority to terminate it.

Plaintiff urges adoption of an alternative position supported by the New York Court of Appeals in *West View Hills v Lizau Realty Corp*, 6 NY2d 344; 160 NE2d 622 (NY 1959). In that case, the court held that a corporation's president's power to bring suit could be terminated by affirmative action by the corporation's board or limited by express provisions in the corporation's bylaws, but otherwise the president is presumptively empowered to prosecute or defend suits in the corporation's name, even if no such power is explicitly set forth in the corporation's bylaws. *Id*. at 346-348. However, *West View Hills* clearly relied on case law unique to New York. *Id*. at 346. Moreover, as the dissenting opinion in *West View Hills* clarified, the case law upon which the *West View Hills* majority relied involved deadlocked corporate management that had paralyzed the corporations at issue, in which case the president could undertake suits, "especially against 'outsiders,' " when an urgent need arose. *Id*. at 348-349. We find more persuasive the dissent's

assertion that the majority "opinion runs counter to the basic principles of corporate law and holds in effect that a corporation is to be managed by its president and not by its board of directors." *Id*. at 348. Fedo acted on his own behalf in initiating the lawsuit against defendant, without the consent of his equal co-owner, and therefore had no majority consent to commence the action. Furthermore, leaving aside the questionable formality of Fedo's title of President, this is a suit against another member of the corporation rather than an outside entity. The trial court, therefore, did not err by granting defendant's motion to dismiss.

Because the trial court did not err by granting defendant's motion to dismiss on the basis of Fedo's authority to initiate the lawsuit, this Court need not address plaintiff's remaining issues.

Affirmed.

/s/ Amy Ronayne Krause
/s/ Jane M. Beckering
/s/ Mark T. Boonstra