OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified, with costs, by reversing so much of that order as affirmed the Supreme Court order granting plaintiffs a preliminary injunction; the certified question should be answered in the negative.
The decision to grant or deny provisional relief, which requires the court to weigh a variety of factors, is a matter ordinarily committed to the sound discretion of the lower courts. Our power to review such decisions is thus limited to determining whether the lower courts’ discretionary powers were exceeded or, as a matter of law, abused (James v Board of Educ., 42 NY2d 357, 363-364). In this case, there was an abuse of discretion, and, as a consequence, reversal is required.
A preliminary injunction may be granted under CPLR article 63 when the party seeking such relief demonstrates: (1) a likelihood of ultimate success on the merits; (2) the prospect of irreparable injury if the provisional relief is withheld; and (3) a balance of equities tipping in the moving party’s favor (Grant Co. v Srogi, 52 NY2d 496, 517). Here, plaintiffs can succeed on the merits of their claim only if they show either that in promulgating the challenged regulations (10 NYCRR 80.67) respondent Commissioner acted outside of the authority constitutionally delegated to him under the Public Health Law (compare, Boreali v Axelrod, 71 NY2d 1, with Matter of Levine v Whalen, 39 NY2d 510; and Chiropractic Assn. v Hilleboe, 12 NY2d 109) or that the regulation was " 'so lacking in reason for its promulgation that it is essentially arbitrary’ ” (Ostrer v Schenck, 41 NY2d 782, 786). On this record, plaintiffs have not demonstrated that they can make *751 such a showing.* Thus, the first prong of the test for preliminary injunctive relief — likelihood of success on the merits— was not satisfied, and, as a matter of law, a preliminary injunction should not have been issued.
Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur; Chief Judge Wachtler taking no part.
Order modified, with costs to appellant, in accordance with the memorandum herein and, as so modified, affirmed. Certified question answered in the negative.

 At this early stage in the litigation, the record consists only of plaintiffs’ complaint and the papers submitted in connection with their motion for a preliminary injunction. Respondent Commissioner has not yet served an answer or made a motion to dismiss under CPLR 3211 or 3212.