[634 NYS2d 780]

In the Matter of ROBERT SCHULZ et al., Appellants, v STATE OF NEW YORK et al., Respondents.

Third Department, November 30, 1995

APPEARANCES OF COUNSEL

*Robert L. Schulz,* Glens Falls, appellant *pro se.*

*Dennis C. Vacco, Attorney-General,* Albany *(Frank K. Walsh* and *Peter H. Schiff* of counsel), for State of New York, respondent.

*Bartlett, Pontiff, Stewart & Rhodes P. C.,* Glens Falls *(Malcolm B. O'Hara* of counsel), for Salem Central School District, respondent.

### OPINION OF THE COURT

PETERS, J.

Petitioners are citizen-taxpayers and registered voters, some of whom are residents of the Town of Salem, Washington

County, who instituted this combined declaratory judgment action/proceeding pursuant to CPLR article 78, State Finance Law § 123-b, General Municipal Law § 51 and 42 USC § 1983. They sought declaratory and injunctive relief against, among others, respondents State of New York,* the Board of Education of the Salem Central School District (hereinafter the Board) and various School District officials challenging the enrollment of various elementary and high school age students from Vermont into the Salem Central School District. Petitioners contend that authorizing the enrollment of out-of-State students implicates the annual expenditure of thousands of State and local taxpayer dollars in violation of various provisions of the NY Constitution. They also contend that due to such enrollments, the Board has further authorized the expenditure of State and local funds to design an expansion of the School District's facilities. Petitioners sought, by order to show cause, an order enjoining the State respondents from, *inter alia*, making payments to the School District in aid of these children. Respondents thereafter challenged petitioners' standing under the State Finance Law and the General Municipal Law and further claimed no constitutional infirmities since the practice of admitting out-of-State students is expressly provided for in the Education Law. Supreme Court denied petitioners' application for a preliminary injunction and held that only petitioners who reside in the School District had standing to sue. Petitioners appeal.

■ Addressing first the issue of standing, State Finance Law § 123-b provides, in relevant part, that any citizen-taxpayer may maintain an action against an officer or an employee of the State challenging the expenditure or appropriation of its funds. In *Matter of Schulz v Cobleskill-Richmondville Cent. School Dist. Bd. of Educ.* (197 AD2d 247), we held that where the challenged expenditures can be clearly traced to identifiable State funds, a citizen-taxpayer has standing to maintain an action under the State Finance Law (*supra*, at 251). Since petitioners have not been able to meet the tracing requirement linking specific disbursements of State funds to educate these Vermont students, Supreme Court correctly determined that petitioners lack standing pursuant to such section.

As to petitioners' assertion of a constitutional right to standing, we find no merit (*see, supra*, at 251). The mere fact that

---

* Petitioners also commenced this action/proceeding against respondents Department of Education and the Commissioner of Education, both of which, including the State, will collectively be referred to as the State.

petitioners claim that the expenditure of public funds constitutes a gift or loan of such funds in violation of NY Constitution, article VIII, § 1 does not create a constitutional right of standing (see, supra, at 251). We do, however, find that those petitioners residing in the School District have standing under General Municipal Law § 51.

As to the denial of the preliminary injunction, our review is limited to whether Supreme Court has either exceeded or abused its discretion as a matter of law (see, Doe v Axelrod, 73 NY2d 748, 750). We note that it was petitioners' burden in seeking a preliminary injunction to show a likelihood of success on the merits, a danger of irreparable injury if provisional relief is withheld and a balance of equities in their favor (see, Aetna Ins. Co. v Capasso, 75 NY2d 860; Doe v Axelrod, supra, at 750). When the challenge is to the constitutionality of legislation, the burden becomes more difficult as there exists an exceedingly strong presumption of constitutionality (see, City of New York v State of New York, 76 NY2d 479, 485; Matter of Van Berkel v Power, 16 NY2d 37, 40).

■ In reviewing petitioners' application, we find that Supreme Court correctly determined that petitioners failed to meet their burden. Addressing first their probability of success on the merits, petitioners allege that the practice of admitting out-of-State students violates NY Constitution, article XI, § 1, which makes it incumbent upon the Legislature to provide for an educational system. While petitioners contend that this section created an affirmative duty to educate only those children from this State, it is clear that the Legislature has contemplated and authorized the education of out-of-State students in this State on limited terms and conditions (see, Education Law §§ 2040, 2045, 3202, 3602).

Petitioners also claim that the contemplated practice amounts to a gift of State funds in violation of NY Constitution, article VII, § 8. This contention must also fail since, so long as the funds are used for educational purposes, they are expressly excluded from the general proscription contemplated by such section (see, Cavages, Inc. v Ketter, 86 AD2d 753). Moreover, Education Law § 3202 clearly provides for the education of out-of-State students and allows a school district to establish policies for the payment of tuition by the student's district of residence. Thus, having failed to overcome the strong presumption of constitutionality (see, City of New York v State of New York, supra, at 485; Matter of Van Berkel v Power, supra, at 40), we find that Supreme Court correctly determined that

there was not a likelihood of success on petitioners' constitutional challenge.

As to the showing of irreparable injury and the balancing of equities, we find that the loss to the out-of-State students, should they be prohibited from attending the designated schools during this period, far outweighs the loss to petitioners (*see, Melvin v Union Coll.*, 195 AD2d 447) and that the alleged cost to the taxpayers does not constitute the type of irreparable injury warranting the issuance of a preliminary injunction (*see, DeLury v City of New York*, 48 AD2d 595, 599). Accordingly, we find that the motion for a preliminary injunction was appropriately denied.

As to any further issues raised by the notice of appeal, we find them to have been abandoned (*see, Newburgh Fire Dept. Fund v City of Newburgh*, 178 AD2d 837).

The judgment of Supreme Court is affirmed.

CARDONA, P. J., MIKOLL, CASEY and YESAWICH JR., JJ., concur.

Ordered that the judgment is affirmed, without costs.