■ Nathan L. Serota, Appellant, v Mayfair Super Markets, Inc., et al., Respondents, et al., Defendant. [710 NYS2d 532] —In an action, *inter alia,* to permanently enjoin the sublease of certain commercial property in which the defendant Island

Vendors Corp. counterclaimed, *inter alia*, seeking injunctive relief to compel the plaintiff to execute any documents necessary to effectuate the sublease, the plaintiff appeals (a) from an order of the Supreme Court, Nassau County (McCaffrey, J.), dated April 23, 1999, which, upon the posting of an undertaking in the amount of $20,000, granted that branch of the motion of the defendant Island Vendors Corp., in which the defendant Mayfair Super Markets, Inc., joined, which was for a preliminary injunction to compel him to execute a building permit application and any additional related forms, and (b), as limited by his brief, from so much of an order of the same court, dated May 13, 1999, as denied that branch of his motion which was for renewal.

Ordered that the order dated April 23, 1999, is affirmed; and it is further,

Ordered that the order dated May 13, 1999, is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

The determination as to whether to issue a preliminary injunction is a matter left to the sound discretion of the trial court (*see, Doe v Axelrod,* 73 NY2d 748, 750). In the case at bar, the court providently exercised its discretion since the respondents made a sufficient showing to warrant the granting of preliminary injunctive relief (*see, Doe v Axelrod, supra*). Contrary to the plaintiff's contention, the respondents have not been awarded the ultimate relief sought, as the plaintiff is not enjoined from interfering with the sublease in the event facts come to light tending to show that the operation of the sublease would violate the lease agreement.

The plaintiff's remaining contentions are without merit. O'Brien, J. P., Thompson, Sullivan and Altman, JJ., concur.