*see also Strickland v Washington*, 466 US 668). Contrary to defendant's argument on appeal, trial counsel made objections where appropriate, and generally obtained suitable curative relief from the court. Defendant was not prejudiced by his attorney's not objecting to testimony that was clearly admissible.

The Assistant District Attorney's excesses in cross-examination of defendant's witnesses do not rise to the level requiring reversal. Concur—Williams, P.J., Mazzarelli, Sullivan, Rosenberger and Gonzalez, JJ.

■ In the Matter of WILLIAM A. PRICE et al., Appellants, v CITY OF NEW YORK et al., Respondents. [747 NYS2d 378] —Order, Supreme Court, New York County (Martin Schoenfeld, J.), entered March 8, 2002, which, in a proceeding pursuant to CPLR article 78, denied petitioners' motion to preliminarily enjoin respondents from evicting them, unanimously affirmed, without costs. Sua sponte leave to appeal to this Court from the aforesaid order granted.

Although a final judgment of possession has been duly entered in the landlords' favor and against petitioners and, pursuant to such judgment, a notice of eviction has issued, petitioners maintain that they are nonetheless entitled to remain in the subject apartment since the Tenants' Association, as manager of the subject premises pursuant to a tenant interim lease agreement with respondent City, has created a new tenancy in the apartment in their favor. The record, however, fails to substantiate petitioners' claim that they have been duly selected as the successor tenants of the subject premises and that respondent City's eviction of them would therefore be arbitrary, capricious and in excess of its jurisdiction. Indeed, it would appear that petitioners' purported selection to tenant the apartment in question was made in violation of numerous provisions of the Tenants' Association bylaws and is thus powerless to shield them from eviction. Accordingly, since petitioners have failed to demonstrate, inter alia, any likelihood of ultimately succeeding upon the merits, their motion for preliminary injunctive relief was properly denied (*see Doe v Axelrod*, 73 NY2d 748, 750). Concur—Williams, P.J., Mazzarelli, Sullivan, Rosenberger and Gonzalez, JJ.