Peters, P.J.
Appeal from an order of the Supreme Court (McNamara, J.), entered March 14, 2013 in Albany County, which denied plaintiff Robert L. Schulz’s motion for, among other things, a preliminary injunction.
On January 14, 2013, at the request of both the Senate and Assembly, Governor Andrew Cuomo issued a message of necessity, setting forth facts which, in his opinion, necessitated an immediate vote by the Legislature on 2013 NY Senate-Assembly Bill S2230, A2388, also known as the Secure Ammunition and Firearms Enforcement Act (hereinafter the SAFE Act). The SAFE Act was passed by the Senate later that day, by the Assembly on January 15, 2013, and was signed into law by the Governor on January 15, 2013 (see L 2013, ch 1).
Plaintiff Robert L. Schulz (hereinafter plaintiff) and numerous others subsequently commenced this declaratory judgment action seeking, among other things, to have the SAFE Act declared to be “repugnant” to the NY Constitution and, thus, null and void. Plaintiff then moved for, among other things, a preliminary injunction prohibiting the “taking [of] any action in furtherance of any provision of the [ ] SAFE Act.” Supreme Court denied plaintiffs motion and plaintiff now appeals.
We affirm. “The party seeking a preliminary injunction must demonstrate a probability of success on the merits, danger of irreparable injury in the absence of an injunction and a balance of equities in its favor” (Nobu Next Door, LLC v Fine Arts Hous., *857 Inc., 4 NY3d 839, 840 [2005]; see Doe v Axelrod, 73 NY2d 748, 750 [1988]; Ulster Home Care v Vacco, 255 AD2d 73, 76 [1999]; see generally CPLR 6301). Notably, where, as here, the constitutionality of legislation is challenged, “the burden becomes more difficult as there exists an exceedingly strong presumption of constitutionality” (Matter of Schulz v State of New York, 217 AD2d 393, 396 [1995]). Furthermore, with the decision to grant or deny a request for a preliminary injunction committed to the sound discretion of the trial court, our review is “limited to whether Supreme Court has either exceeded or abused its discretion as a matter of law” (id.; see Nobu Next Door, LLC v Fine Arts Hous., Inc., 4 NY3d at 840; Doe v Axelrod, 73 NY2d at 750).
Plaintiffs challenge to the SAFE Act rests largely on his assertion that the Governor’s message of necessity did not comport with NY Constitution, article III, § 14. That provision requires that bills be “printed and upon the desks of the members” of the Legislature at least three calendar legislative days before final passage (NY Const, art III, § 14; see Finger Lakes Racing Assn. v New York State Off-Track Pari-Mutuel Betting Commn., 30 NY2d 207, 219 [1972], appeal dismissed 409 US 1031 [1972]). This mandate may be circumvented if the Governor “certified] . . . the facts which in his or her opinion necessitate an immediate vote” on the bill (NY Const, art III, § 14; see Finger Lakes Racing Assn. v New York State Off-Track Pari-Mutuel Betting Commn., 30 NY2d at 219). With regard to a judicial challenge to a message of necessity, so long as some facts are stated, a court may not intervene because “the sufficiency of the facts stated by the Governor in a certificate of necessity is not subject to judicial review” (Maybee v State of New York, 4 NY3d 415, 418 [2005]).
Here, the Governor’s message of necessity states: “Some weapons are so dangerous, and some ammunition devices so lethal, that New York State must act without delay to prohibit their continued sale and possession in the State in order to protect its children, first responders and citizens as soon as possible. This bill, if enacted, would do so by immediately banning the ownership, purchase and sale of assault weapons and large capacity ammunition feeding devices, and eliminate them from commerce in New York State. For this reason, in addition to enacting a comprehensive package of measures that further protects the public, immediate action by the Legislature is imperative. Because the bill has not been on your desks in final form for three calendar legislative days, the Leaders of your Honorable bodies have requested this message to permit imme *858 diate consideration of this bill.” As the Governor clearly made some factual statements,[1] judicial review of the certificate of necessity is at an end and NY Constitution, article III, § 14 provides no basis for this Court to intervene (see id. at 417; Norwick v Rockefeller, 70 Misc 2d 923, 931-934 [1972], affd without op 40 AD2d 956 [1972], affd without op 33 NY2d 537 [1973]). The deference of the Judiciary to a Governor’s views does not leave the legislative branch without a remedy. “[T]he Legislature has its own remedy for an inadequate certificate, since if it does not think the Governor’s reasons are good ones, it is not required to act in fewer than three days — or even to consider the bill at all” (Maybee v State of New York, 4 NY3d at 420). Accordingly, as plaintiff failed to demonstrate a likelihood of success on the merits of his claim, his motion for a preliminary injunction was properly denied (see Doe v Axelrod, 73 NY2d at 751; Matter of McGrath v Town Bd. of Town of N. Greenbush, 254 AD2d 614, 619 [1998], lv denied 93 NY2d 803 [1999]).[2]
To the extent that they are properly before us, plaintiff’s other contentions have been considered and found to be either academic or without merit.
Lahtinen, Stein and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.

. To the extent that plaintiff asserts that the Governor’s stated facts were not truthful, his assertion is premised upon a misreading of the legislation. Although many of its provisions were phased in over various periods of time, the bill itself took effect immediately (see L 2013, ch 1, § 58) and, more specifically, certain provisions of the SAFE Act concerning assault weapons and large capacity ammunition feeding devices did go into effect immediately (see L 2013, ch 1, §§ 37, 38, 58; ch 57, § 1, part FF, §§ 4, 5).

. Plaintiff’s assertion that the SAFE Act’s implications with respect to “a constitutionally protected fundamental right” warrants a deviation from the normal standard of review is without merit. Plaintiff offers no support for his apparent proposition that the method of enacting a law could be subject to varying degrees of judicial scrutiny based solely upon certain rights that may be implicated by the enactments.