Wilder v Fresenius Med. Care Holdings, Inc. (2019 NY Slip Op 06054)





Wilder v Fresenius Med. Care Holdings, Inc.


2019 NY Slip Op 06054


Decided on August 6, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 6, 2019

Sweeny, J.P., Gische, Tom, Gesmer, Singh, JJ.


9260 100841/18

[*1]Nicholas Wilder, Plaintiff-Appellant,
v
Fresenius Medical Care Holdings, Inc., (doing business as Fresenius Medicare Care North America), et al., Defendants-Respondents.


Nicholas Wilder, New York, appellant pro se.
Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains (Roland T. Koke of counsel), for Fresenius Medical Care Holdings, Inc., Avantus Rental Therapy New York, LLC, Marilous Mateo, Judy Ammar, Chenille Apurada and Saraswati Kasti, respondents.
Aaronson Rappaport Feinstein & Deutsch, LLP, New York (Elliott J. Zucker of counsel), for Eliot Charen, M.D., respondent.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered August 7, 2018, which denied plaintiff's order to show cause and granted defendants' cross motion to the extent of vacating the interim order sealing the court file, declining plaintiff's request to proceed anonymously, and granting defendants' request to amend the caption, unanimously modified, on the law, without costs, to reverse the order to the extent that it denied plaintiff's request for an injunction and vacated the temporary restraining order (TRO) granted plaintiff by order dated June 25, 2018, to reinstate the TRO pending a hearing on plaintiff's request for an injunction, and otherwise affirmed, without costs.
The motion court abused its discretion when it vacated the temporary restraining order (TRO) which it had imposed on June 25, 2018 and never held a hearing on the preliminary injunction requested, in view of the substantial issues of disputed fact raised by the parties' motion and cross motion papers.
Plaintiff suffers from end stage renal disorder, for which he must receive dialysis three times a week in order to survive. He has received dialysis from defendant Avantus Renal Therapy New York LLC (d/b/a Avantus Upper East Side Dialysis Center), a subsidiary of defendant Fresenius Medical Care Holdings, Inc., three times weekly since 2015. It is undisputed that, during that time, plaintiff and defendants had disagreements. On May 31, 2018, Fresenius sent a letter to plaintiff, notifying him that his dialysis care at Avantus would be terminated as of June 30, 2018, based on "[his] violation of safety policies as well as [his] behavior that is disruptive and abusive to the extent that it impairs the delivery of care to [him] or the ability of the facility to operate effectively." The letter provided a list of addresses and contact numbers for five other dialysis facilities.
Plaintiff commenced this action by summons with notice dated June 22, 2018, in which he sought, inter alia, injunctive relief. By order to show cause dated June 25, 2018, plaintiff sought, inter alia, an order prohibiting defendants from terminating his dialysis treatment. He also sought a TRO requiring defendants to continue to provide him with dialysis treatment pending a hearing on his order to show cause.
On June 25, 2018, the court heard argument on plaintiff's TRO application. Defendant argued that it sought to terminate services to plaintiff because of his disruptive behavior. Plaintiff stated that he wished to seek dialysis from another facility but needed time to do so. Avantus represented that it would be willing to assist plaintiff to identify an appropriate facility, provided [*2]that he cooperate with the defendant's social worker, and sign a HIPAA release for his records. The motion court issued the TRO orally from the bench, to be in effect pending a hearing on plaintiff's order to show cause to be held on July 24, 2018. It found that "the temporary restraint is warranted because there is no dispute that dialysis is a life-saving measure which plaintiff sorely needs, and at this stage of the litigation, the defendants have not [established] that the reason for plaintiff's discharge from the facility outweigh [sic] the risks that discharge would carry with regards to plaintiff's health." It then granted the TRO subject to five conditions: plaintiff must maintain regular contact with defendant's social worker until a transfer is effectuated, cooperate with defendants' efforts to facilitate a transfer to a new facility, execute a HIPAA release authorizing the release of his medical records to any facility to which plaintiff may be transferred, respect and not infringe upon the rights of any of defendants' employees or other patients, and cooperate with those providing him with care and abide by his prescribed medical regime. At the conclusion of its description of the TRO, plaintiff stated, "I'm not asking you to change the order." Consistent with its ruling on the record, the motion court issued a written order the same day (the TRO).[FN1]
On July 16, 2018, defendants submitted opposition to plaintiff's motion and cross-moved for an order vacating the TRO and for other relief. To controvert plaintiff's factual showing, defendants submitted an affirmation by counsel, two very brief affidavits by Avantus staff members, and a 20 page excerpt from the clinical notes maintained by defendants concerning plaintiff, which was neither sworn nor certified as a business record. In reply, plaintiff submitted a 26 page affidavit, based on his personal knowledge, an affidavit by another patient corroborating some of plaintiff's assertions, and copies of emails that he had sent to defendants and their counsel.[FN2]
The documents submitted by plaintiff and by defendants present sharply disputed issues of fact concerning plaintiff's behavior at Avantus and his compliance with the terms of the TRO. Nonetheless, the court did not hold a hearing on plaintiff's order to show cause and defendants' cross motion, but simply heard argument on July 25, 2018 and issued the order on appeal on August 2, 2018.[FN3]
"A temporary restraining order may be granted pending a hearing for a preliminary injunction where it appears that immediate and irreparable injury, loss or damage will result unless the defendant is restrained before the hearing can be had" (CPLR 6301). A party seeking a preliminary injunction must show a likelihood of success on the merits, the possibility of irreparable harm in the absence of a preliminary injunction, and that the balance of the equities favors the movant (Doe v Axelrod, 73 NY2d 748, 750 [1988]).
The motion court did not have enough information before it without holding a hearing to [*3]determine the likelihood of plaintiff's success on the merits in two respects. First, the motion court correctly held, in its order dated August 2, 2018, that before a dialysis facility may discharge a patient, it must, as required by 42 CFR 494.180(f)(4), determine "that the patient's behavior is disruptive and abusive to the extent that the delivery of care to the patient or the ability of the facility to operate effectively is seriously impaired . . . . "
The documents submitted to the motion court demonstrate sharp disputes of fact as to whether plaintiff's behavior was sufficiently disruptive to permit termination of his life saving care by defendants, as required by the federal regulations.
Second, 42 CFR 494.180(f)(4) further requires that, after a facility determines that a patient's behavior meets the requirements for discharge, and before it may proceed with the discharge, the medical director of a dialysis facility must ensure that the patient's interdisciplinary team:
"(iii) Obtains a written physician's order that must be signed by both the medical director and the patient's attending physician concurring with the patient's discharge or transfer from the facility; (iv) Contacts another facility, attempts to place the patient there, and documents that effort; and (v) Notifies the State survey agency of the involuntary transfer or discharge."
In its August 2, 2018 order, the motion court had found that Avantus had not produced evidence showing that it had complied with any of the federal procedural requirements for terminating a patient's care. Defendants had not presented any new evidence that it had done so before the court issued the order presently on appeal. Indeed, the court did not address the merits of defendants' decision to terminate plaintiff's care at all. Accordingly, the motion court should not have denied plaintiff's request for a preliminary injunction without holding a hearing.
The motion court also improperly vacated the TRO without a hearing. Plaintiff's showing that he would be irreparably injured in the absence of a TRO never changed. The court was presented with no evidence inconsistent with its finding in issuing the TRO that "there is no dispute that dialysis is a life-saving measure which plaintiff sorely needs, and at this stage of the litigation, the defendants have not established that the reasons for plaintiff's discharge from the facility outweigh the risks that discharge would carry with regard to plaintiff's health."
In addition, although the court concluded that plaintiff had failed to comply with the conditions set forth in the TRO, the parties presented sharply divergent facts on that issue, which could not be resolved without a hearing.
Consequently, the court abused its discretion in failing to continue the TRO preventing defendants from discontinuing plaintiff's dialysis treatment pending a hearing on the merits of plaintiff's request for a preliminary injunction.
However, the motion court properly denied plaintiff's request to allow him to proceed anonymously and seal certain filed records. At this stage, plaintiff has failed to make a showing of a substantial privacy right that outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings (see "J. Doe No. 1" v CBS Broadcasting
Inc., 24 AD3d 215, 215 [2005]), or of good cause to warrant
sealing records (22 NYCRR 216.1; see also Mosallem v Berenson, 76 AD3d 345 [1st Dept 2010]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: AUGUST 6, 2019
DEPUTY CLERK



Footnotes

Footnote 1:In the notice of appeal now before us, plaintiff stated that he was appealing from certain portions of the TRO, but he did not address his grounds for doing so in his brief to this court. In view of that, and his apparent concession at the June 25, 2018 argument that he had no objections to the conditions placed on the TRO, we view that appeal as abandoned. Accordingly, we need not reach the question of whether the TRO was an appealable order.

Footnote 2:In his record on appeal, plaintiff also submitted his complaint and amended complaint, dated August 27, 2018 and November 18, 2018 respectively. Since those were not before the motion court when the decisions at issue were made, the cis Court will not consider them.

Footnote 3:The record on appeal does not include a transcript of that argument.