**Grande Gusto Ristorante LLC v Stabile**

2024 NY Slip Op 32301(U)

July 8, 2024

Supreme Court, New York County

Docket Number: Index No. 154346/2024

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. LYLE E. FRANK** PART **11M**

*Justice*

----------------------------------------------------------------------------X

GRANDE GUSTO RISTORANTE LLC

Plaintiff,

- v -

JEROME G. STABILE, III REALTY LLC,

Defendant.

----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 154346/2024 |
| MOTION DATE | 05/09/2024, 06/11/2024 |
| MOTION SEQ. NO. | 001 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 15, 24, 25, 27, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80

were read on this motion to/for     PREL INJUNCTION/TEMP REST ORDR     .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 45, 46, 47, 48

were read on this motion to/for     JUDGMENT - DECLARATORY     .

Plaintiff moves by Order to Show Cause, motion sequence 001, seeking a preliminary injunction: a) declaring null and void the Letter of Default, dated January 23, 2024, of the lease between defendant Jerome G. Stabile and III Realty LLC 2 ("Landlord"), and plaintiff Grande Gusto Ristorante LLC ("Grande Gusto") and declaring null and void and of no force and effect the Notice of Termination, dated April 9, 2024; (2) enjoining defendant, or any officer, employee or agent thereof, from issuing or serving any Letter of Default or Notice of Termination of the lease, issuing or serving on Plaintiff or taking any action terminating the Lease or serving or delivering any Notice of Termination of the Lease.

Defendant opposes the first filed Order to Show Cause and cross-moved for an order seeking plaintiff to post an undertaking. Plaintiff then again filed an Order to Show Cause, motion sequence 002, declaring null and void the notice of termination, dated May 10, 2024 ("Second Notice of Termination "), of the lease and the same relief sought in the first Order to

154346/2024 Motion No. 001 002 Page 1 of 4

Show Cause. Upon the filed documents, after oral argument and for the reasons set forth below plaintiff's motions for preliminary injunction are denied[1].

Background

The parties entered into a commercial lease agreement, dated June 26, 2023, for the ground floor retail space and the basement. Pursuant to the lease, plaintiff, at its own expense, was required to perform all work to make the premises usable as a restaurant. On August 9, 2023, plaintiff furnished a Department of Buildings ("DOB") work permit to the defendants.

While it is disputed as to whether the landlord or the tenant was the cause, it is undisputed that as a result of the ongoing construction at the premises, the DOB inspected the building. Notably, plaintiff annexes what it purports to be a "demolition permit", NYSCEF Doc. 4, 31, however the permit only authorizes "temporary construction equipment" and in the description reads "construction fence in conjunction with alterations at existing 4-story building".

On January 10, 2024, the Building was inspected by several representatives from the DOB and a full vacate order was issued. Shortly thereafter, defendants issued a default letter for, *inter alia*, plaintiff's work without the landlords written approval and failure to obtain the required permits from DOB. Defendants initially entertained the idea of remediation, however based on the cost has decided to demolish the building.

After defendants, through its retained engineer Stuart Gold, informed DOB of its plan to demolish, it then served plaintiff with the 30-day notice of termination, dated May 10, 2024.

Discussion

---

[1] As the injunctions are denied, defendants' cross-motion for an undertaking is denied as moot. Further, the issue of insurance coverage was raised during the oral argument, however the Court will not address that issue as it is also now moot.

[* 2]

"A movant's burden of proof on a motion for a preliminary injunction is particularly high" *Council of the City of NY v Giuliani*, 248 AD2d 1, 4 [1st Dept 1998]. A party seeking a preliminary injunction must clearly demonstrate (1) the likelihood of ultimate success on the merits; (2) the prospect of irreparable injury if the injunction is not issued; and (3) a balance of the equities in the movant's favor. (*Doe v Axelrod,* 73 NY2d 748 [NY 1988]; *Housing Works, Inc. v City of New York*, 255 AD2d 209 [1st Dept 1998]).

If the movant fails to meet its burden to establish each and every element, the request for injunctive relief must be denied. *See, e.g., Doe v Axelrod*, 73 NY2d 748, 750-51 [1988].

<u>Likelihood of Success</u>

The Court finds that plaintiff has failed to establish a likelihood of success on the merits for this injunction to be granted. The ultimate relief plaintiff seeks is to prevent the demolition of the subject building and restore its rights pursuant to the subject lease.

In opposition, defendants cite to the lease, specifically paragraph 8.5.4, which provides in pertinent part "[i]f the Premises are rendered wholly unusable or (whether or not the Premises are damaged in whole or in part) if the Building shall be so damaged that Landlord shall decide to demolish it or to rebuild it, then, in any of such events, Landlord may elect to terminate this Lease by written notice to Tenant". The Court finds that the unambiguous language of the lease provides that defendants have the full discretion to either rebuild or demolish, thus precluding plaintiff's likelihood of success on the merits. As plaintiff has failed to establish this prong, the Court does not reach the other two prongs of the analysis. Accordingly, it is hereby

ADJUDGED that plaintiff's motions for a preliminary injunction is denied in its entirety; and it is further

ORDERED that any prior Temporary Restraining Orders issued by this Court are lifted.

[* 3]

FILED: NEW YORK COUNTY CLERK 07/08/2024 04:55 PM INDEX NO. 154346/2024

NYSCEF DOC. NO. 82 RECEIVED NYSCEF: 07/08/2024

20240708125613LFRANKC8245 9067D140BE9B47754FC3072499

**7/8/2024**
_____
**DATE**

_____
**LYLE E. FRANK, J.S.C.**

CHECK ONE: [ ] CASE DISPOSED [X] NON-FINAL DISPOSITION

[ ] GRANTED [X] DENIED [ ] GRANTED IN PART [ ] OTHER

APPLICATION: [ ] SETTLE ORDER [ ] SUBMIT ORDER

CHECK IF APPROPRIATE: [ ] INCLUDES TRANSFER/REASSIGN [ ] FIDUCIARY APPOINTMENT [ ] REFERENCE

**154346/2024 Motion No. 001 002** **Page 4 of 4**

[* 4]