**Celanese Canada ULC v Mithra Pharms. SA**

2024 NY Slip Op 32632(U)

July 30, 2024

Supreme Court, New York County

Docket Number: Index No. 652087/2024

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. LYLE E. FRANK**

*Justice*

PART **11M**

-------------------------------------------------------------------------X

CELANESE CANADA ULC,

Plaintiff,

- v -

MITHRA PHARMACEUTICALS SA, NOVALON SA

Defendant.

-------------------------------------------------------------------------X

INDEX NO. 652087/2024

MOTION DATE 04/24/2024, 06/11/2024

MOTION SEQ. NO. 001 002

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 24, 25, 26, 28, 29, 30, 31

were read on this motion to/for             INJUNCTION/RESTRAINING ORDER             .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 49, 50, 51, 52, 53, 54, 55, 56

were read on this motion to/for             DISMISS             .

This action arises out of an alleged breach of a commercial sales agreement (the "Contract").[1] Plaintiff, Celanese Canada ULC ("Celanese"), now moves for a preliminary injunction enjoining defendants, Mithra Pharmaceuticals SA ("Mithra") and Novalon SA ("Novalon") (collectively, the "Defendants"), from: (1) disclosing or disseminating any confidential information provided to Defendants by Celanese to any other person, partnership, company, corporation or other entity, (2) utilizing any unused materials given to Defendants by Celanese, (3) utilizing any of the aforementioned confidential information for the production, manufacture, or sales of Defendants' products, and (4) selling products manufactured with or containing any material provided by Celanese. Defendants also move to dismiss the complaint pursuant to CPLR 3211, the principles of comity, and for improper service. Upon the foregoing

---

[1] The Court would like to thank Sophia Hartman for her assistance in this matter.

**652087/2024   CELANESE CANADA ULC vs. MITHRA PHARMACEUTICALS SA ET AL**
**Motion No.  001 002**

**Page 1 of 7**

1 of 7

documents and following oral argument, for the reasons indicated below, plaintiff's motion for a preliminary injunction is denied, with exception to the sealing of NYSCEF Docs. No. 4, 5, 6, 7, and 8, which is granted. Defendants' motion to dismiss is similarly denied to the extent that this action is stayed, pending the results of Defendants' foreign bankruptcy proceedings.

Background

Celanese is a Canadian company that has developed a proprietary polymer (the "Material"). Defendant Novalon is a Belgian company, notably responsible for the manufacture and distribution of a vaginal contraceptive ring called "Myring" (or, in the United States, "Haloette"), which uses Celanese's Material for its production. Defendant Mithra is also a Belgian company that develops and manufactures over the counter products for women's health, among other applications, and is Novalon's parent through sole or majority ownership.

In November 2017, Celanese and Mithra entered into the Contract, wherein Celanese agreed to provide the Materials for use solely as a raw material in Mithra's contraceptive rings. This Contract was reassigned to Novalon in 2020 with Celanese's approval. Mithra subsequently entered into a guarantee agreement (the "Guarantee") with Celanese, in which Mithra agreed to be liable for and indemnify Celanese "against losses, damages, costs and expenses, whatsoever which [Celanese] may incur by reason or in consequence of" Novalon's failure to perform under the Contract. NYSCEF Doc. No. 13.

Celanese alleges that Defendants' have breached the Contract by failing to pay the July 2023 invoice in full, claiming that $1,180,000 is still left outstanding, and by disclosing Celanese's Confidential Information to Third Parties, among other claims. In their papers and at oral argument, Defendants have shown that both Novalon and Mithra are in the beginning stages of Bankruptcy proceedings in Belgium. Defendants further assert that, to the extent Celanese has

**652087/2024   CELANESE CANADA ULC vs. MITHRA PHARMACEUTICALS SA ET AL**   Page 2 of 7
**Motion No.  001 002**

2 of 7

a claim, it should be required to seek relief alongside those other creditors in the Belgian proceedings, rather than being permitted to pursue this action, as it threatens to disrupt Novalon and Mithra's business, while also complicating Defendants' efforts to negotiate with creditors or potential buyers.

Notably, this Court has granted a past TRO on the topic of Defendants' dissemination of Celanese's Confidential Information, which was vacated. In his ruling to vacate, Appellate Division Justice Martin Shulman reasoned that the allegations in Celanese's Complaint did not show a risk of irreparable harm and expressed concern that comity be given to Novalon's Belgian reorganization proceedings.

Discussion

It is well established that "[a] movant's burden of proof on a motion for a preliminary injunction is particularly high" *Council of the City of NY v Giuliani*, 248 AD2d 1, 4 [1st Dept 1998]. A party seeking a preliminary injunction must clearly demonstrate (1) the likelihood of ultimate success on the merits; (2) the prospect of irreparable injury if the injunction is not issued; and (3) a balance of the equities in the movant's favor. *See Doe v Axelrod*, 73 NY2d 748 [NY 1988]; *Housing Works, Inc. v City of New York*, 255 AD2d 209 [1st Dept 1998]. If the movant fails to meet its burden to establish each and every element, the request for injunctive relief must be denied. *See, e.g., Axelrod*, 73 NY2d at 750-51.

Celanese now alleges that Defendants have breached the Contract in a number of ways, which have prompted Celanese to request a preliminary injunction. The breach issue most pertinent to this Court at this time is the allegation that Defendants' have, and continue to, disclose Celanese's Confidential Information to a Third Party, namely to Mithra CDMO

**652087/2024   CELANESE CANADA ULC vs. MITHRA PHARMACEUTICALS SA ET AL**          Page 3 of 7
**Motion No.  001 002**

3 of 7

("CDMO"), the manufacturing company owned by Mithra that uses Celanese's Material to make Defendants' contraceptive product.[2]

As formerly stated, to succeed on a motion for a preliminary injunction, a party must show the prospect of irreparable injury if the injunction is not issued. In this case, Celanese has failed to meet its burden as the dissemination of Confidential Information to CDMO does not breach the Contract's confidentiality clause(s), and it has not alleged anything further that would lead this Court to believe that the proprietary nature of the Confidential Information has been, or will be, disclosed by Defendants to any other parties.

As a condition for the sale of the Material to Defendants, Celanese required Mithra and Novalon to protect Celanese's "Confidential Information." The Contract defines "Confidential Information," and states in clause 17.5(ii) that Defendants agree that they will not "disclose Confidential Information of [Celanese] to any Third Party without the advance written approval of [Celanese]." This seems to be the nexus of the parties disagreement: whether CDMO is a Third Party or an Affiliate.

In clause 17.11, the Contract defines "Third Parties" as "a contractor, agent, consultant, expert, or the like in conjunction with a Developmental Purpose...." The gravamen of the clause is to instruct Defendants on their obligations should they "need to incorporate a third party,... and such incorporation will involve the use of [Celanese's] Confidential Information...." In this instance, the Contract necessitates that Defendants "require any such third party to execute a confidentiality agreement..." before Defendants are authorized to share said Confidential Information.

---

[2] Mithra CDMO has also filed for Bankruptcy proceedings in Belgium.

**652087/2024   CELANESE CANADA ULC vs. MITHRA PHARMACEUTICALS SA ET AL**
**Motion No.  001 002**

**Page 4 of 7**

4 of 7

The Contract also defines an "Affiliate(s)," in clause 17.1(a), as "any person, corporation, association or other entity that directly or indirectly controls, is controlled by, or is under common control with such party, either now or at any time during the [Contract] Term." It goes on to define "controls" as "ownership (directly or indirectly and legally or beneficially) of more than 50% of the outstanding voting shares, capital stock or other ownership interests entitled to vote for the election of directors or governing body of such person, corporation, association or other entity; or [] the authority, whether pursuant to contract, ownership of securities or other instruments otherwise, to direct the management or policies of such person, corporation, association or other entity; or [] such other relationship which results in the actual control over the management, policies, business, or affairs of such person, corporation, association or other entity...."

Contract clause 17.7 states that Defendants "may, in its sole discretion, disclose Confidential Information of [Celanese] to [Defendants'] Representatives who require the same in the performance of this Contract who have been advised of the confidential nature of the Confidential Information and the restrictions hereunder on its disclosure and use, and agree to maintain the same in confidence and not to use the same other than expressly permitted herein." The term "Representative(s)," as defined in clause 17.1(e), "means a party's directors, officers, employees, principals, agents, consultants, and subcontractors as well as its Affiliates and their respective directors, officers, employees, principals, and agents."

Upon the Court's reading of these relevant clauses, CDMO is necessarily considered an Affiliate, not a Third Party, under the Contract. Therefore, Defendants did not need to obtain advanced written approval from Celanese before disclosing Confidential Information to CDMO, as it is, by the Contract's definition, "controlled" by Mithra, and is thereby automatically bound

**652087/2024  CELANESE CANADA ULC vs. MITHRA PHARMACEUTICALS SA ET AL**          **Page 5 of 7**
**Motion No.  001 002**

5 of 7

by the confidentiality terms of the Contract. The Court finds no evidence therefore of violation of the contract's confidentiality provision, and thus no reason to enjoin any party.

As to Defendants' motion to dismiss on account of the proceedings taking place in Belgium, this Court acknowledges that the principles of international comity and a strong public policy favor the administration of all claims against a debtor in a single forum. These considerations generally preclude American Courts from giving certain creditors preference over others by releasing them from the obligations imposed by foreign bankruptcy law. *Ecoban Fin. Ltd. v. Grupo Acerero Del Norte, S.A. de C.V.*, 108 F. Supp. 2d 349, 354 (S.D.N.Y. 2000), *aff'd sub nom. Ecoban Fin. Ltd. v. Altos Hornos de Mexico, S.A. de C.V.*, 2 F. App'x 80 (2d Cir. 2001). The Court has been provided no reason to believe that the Belgian proceedings are not procedurally fair, nor that they contravene the laws or public policy of the United States. As such, this Court will do what would be done by this Court with any American bankruptcy proceeding running concurrently with this action, the instant matter shall be stayed, pending the outcome of the Belgian proceedings.

As to Defendants' claims that Celanese's initial attempt at service was improper, information given to the Court at oral arguments on July 24, 2024, indicates that there has now been additional service. To the extent that the most recent attempt at service is found to be insufficient, the issue of service is hereby preserved for Defendants to re-bring the claim.

Based on the foregoing, it is hereby

ORDERED that the motion to dismiss is denied, and the action is stayed; pending the Belgian bankruptcy proceedings; and it is further

**652087/2024   CELANESE CANADA ULC vs. MITHRA PHARMACEUTICALS SA ET AL**                    **Page 6 of 7**
**Motion No.  001 002**

6 of 7

ADJUDED that the preliminary injunction is denied, except as to NYSCEF Docs. No. 4, 5, 6, 7, and 8, which the Clerk shall seal, except as to be accessed by the Court, the parties and their counsel.

20240730093014LFRANK748A175B12C24581AEC5E5FD77D926DE

__7/30/2024__
DATE

LYLE E. FRANK, J.S.C.

| CHECK ONE: | | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

652087/2024   CELANESE CANADA ULC vs. MITHRA PHARMACEUTICALS SA ET AL
Motion No.  001 002

Page 7 of 7

7 of 7