**MNG N.Y. Holdings, LLC v New York State Cannabis Control Bd.**

2025 NY Slip Op 31145(U)

April 7, 2025

Supreme Court, New York County

Docket Number: Index No. 160287/2024

Judge: Arthur F. Engoron

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   HON. ARTHUR F. ENGORON        PART               37

*Justice*

-----------------------------------------------------------------------X

MNG NEW YORK HOLDINGS, LLC D/B/A CBD KRATOM,

                       Petitioner,

- v -

NEW YORK STATE CANNABIS CONTROL BOARD, NEW
YORK STATE OFFICE OF CANNABIS MANAGEMENT,
TREMAINE WRIGHT, IN HER OFFICIAL CAPACITY AS
CHAIRWOMAN OF THE NEW YORK STATE CANNABIS
CONTROL BOARD, FELICIA REID, IN HER OFFICIAL
CAPACITY AS INTERIM EXECUTIVE DIRECTOR OF THE
NEW YORK STATE OFFICE OF CANNABIS
MANAGEMENT,

                       Respondents.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 160287/2024 |
| MOTION DATE | 11/05/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51,

were read on this motion for          ARTICLE 78 (BODY OR OFFICER) RELIEF   .

Upon the foregoing documents, for the reasons stated hereinbelow and after oral argument on December 13, 2024, the preliminary injunction is denied, the temporary restraining order is vacated, and respondent's cross-motion to dismiss is granted.

Background
Petitioner, MNG New York Holdings, LLC d/b/a CBD Kratom, a New York State-licensed hemp retailer and distributor, seeks to remove certain Notices of Violation ("NOV") signs from its storefronts pending final adjudications. Petitioner argues, inter alia, that respondents acted in excess of their authority in relying upon "general" New York Cannabis Law provisions to search petitioner's premises, and that respondent violated petitioners due process rights by posting the NOVs prior to a full adjudication. NYSCEF Doc. No. 1.

    Statutory Framework
On March 31, 2021, New York State passed the Marihuana Regulation and Taxation Act, to "regulate, control, and tax marihuana" through a regulatory regime of requirements for licensing, labelling, and testing of medical cannabis, adult-use cannabis, cannabinoid hemp and hemp extracts.[1] Cannabis Law § 2. Article 2 of the Cannabis Law establishes two independent entities

---

[1] Marijuana and hemp both come from the same plant, *cannabis sativa*, but contain different compounds and have different effects on users. Marijuana contains tetrahydrocannabinol (THC), which when consumed binds to the CB1 receptors of the brain, which may create a feeling of relaxation and euphoria, and in sufficient amounts, cause

160287/2024  MNG NEW YORK HOLDINGS, LLC D/B/A CBD KRATOM vs. NEW YORK STATE
CANNABIS CONTROL BOARD ET AL
Motion No. 001

Page 1 of 5

1 of 5

to enforce the law, the Cannabis Control Board ("CCB") and the Office of Cannabis Management ("OCM"); Article 3 of the Cannabis Law regulates medical cannabis; Article 4 regulates adult-use cannabis; Article 5 regulates cannabinoid hemp and hemp extract; and Article 6 contains general provisions.

As part of the "General Prohibitions and Restrictions" laid out in Article 6 at Cannabis Law § 125, the legislature decreed that:

> 1. No person shall cultivate, process, distribute for sale or sell at wholesale or retail or deliver to consumers any cannabis, cannabis product, medical cannabis or cannabinoid hemp or hemp extract product, or any product marketed or labeled as such, within the state without obtaining the appropriate registration, license, or permit therefor required by this chapter unless otherwise authorized by law. ...
>
> 1-b. Any activity conducted in violation of subdivision one or one-a of this section presents a danger to public health, safety, and welfare.

The legislature authorized OCM "To conduct regulatory inspections of any registered, licensed or permitted place of business, where medical cannabis, adult-use cannabis, cannabinoid hemp, hemp extract products, or any products marketed or labeled as such, are cultivated, processed, stored, distributed or sold." Cannabis Law § 11(5)

In addition, in a section titled "action for unlawful business practices relating to cannabis," the legislature authorized OCM to

> 1. order any person who is unlawfully cultivating, processing, distributing or selling cannabis, cannabis product, cannabinoid hemp or hemp extract product, or any product marketed or labeled as such in this state without obtaining the appropriate registration, license, or permit therefor, or engaging in an indirect retail sale to cease such prohibited conduct;
>
> 2. seize any cannabis, cannabis product, cannabinoid hemp or hemp extract product, or any product marketed or labeled as such, found in the possession of a person engaged in the conduct described in subdivision one of this section and their place of business, including a vehicle used for such business;

---

intoxication. New York terms cannabis with high levels of THC "adult-use cannabis." Hemp, on the other hand, contains cannabidiol (CBD), which purportedly offers medicinal benefits, including anti-inflammatory and analgesic properties. Hemp products allow the consumption of CBD by application or ingestion of various tinctures, oils, topicals, pills, capsules and foods or beverages. Hemp does contain THC, but in a "concentration of not more than 0.3 percent on a dry weight basis," and so hemp products are generally not intoxicating.

**160287/2024  MNG NEW YORK HOLDINGS, LLC D/B/A CBD KRATOM vs. NEW YORK STATE CANNABIS CONTROL BOARD ET AL**
**Motion No. 001**

**Page 2 of 5**

2 of 5

[* 2]

Cannabis Law § 138-a.

Nine NYCRR § 133.25(a), also authorizes OCM to

> without notice, conduct site visits, inspections or investigations of:
> any person … cultivating, processing, distributing, selling or
> offering for sale cannabis, cannabis product, cannabinoid hemp or
> cannabinoid hemp extract product, or any product marketed or
> labeled as such in this state, or engaging in an indirect retail sale,
> without obtaining the appropriate registration, license, or permit…

In the event that OCM issues a Notice of Violation after an inspection, it is further authorized, pursuant to 9 NYCRR § 133.25(d)(6), to "affix one or more warning notice at or near the front door or other opening to such location where customers enter from the street advising the public that the business is ordered to stop the unlawful activity and of the public health and safety concerns relating to illicit cannabis."

The Instant Searches and Signs

On July 17, 2024, an OCM Inspector and "a group of heavily armed individuals wearing police jackets and bulletproof vests" raided, without a warrant, petitioner's store located at 161 Sixth Avenue, New York, New York, which has a Hemp Retail License from OCM.

On October 15, 2024, an OCM Inspector and "a group of heavily armed individuals wearing police jackets and bulletproof vests" raided, without a warrant, petitioner's store located at 794 Lexington Avenue, New York, New York, which has a Hemp Retail License from OCM.

According to petitioner, at each raid the OCM Inspectors did not test any of the seized products and refused to examine petitioner's certificates of analysis showing the chemical contents of the products. Immediately following each raid, OCM affixed large signs - the NOVs - on each storefront which read, in large red lettering:

> WARNING: THIS BUSINESS IS ORDERED TO STOP
> ILLEGAL ACTIVITY … ILLICIT CANNABIS SEIZED …
> ILLICIT CANNABIS PRODUCTS HAVE NOT BEEN TESTED
> OR APPROVED BY OCM AND CAN POSE A THREAT TO
> PUBLIC HEALTH AND SAFETY. THE UNLICENSED SALE
> OF CANNABIS AND CANNABIS PRODUCTS IS STRICTLY
> PROHIBITED.

On November 5, 2024, petitioner commenced this special proceeding. NYSCEF Doc. No. 1. And on November 7, 2024, after a brief oral argument on MS Teams, this Court signed a temporary restraining order permitting petitioner to remove the subject NOVs. NYSCEF Doc. No. 10.

Discussion

**160287/2024  MNG NEW YORK HOLDINGS, LLC D/B/A CBD KRATOM vs. NEW YORK STATE
CANNABIS CONTROL BOARD ET AL
Motion No. 001**

Page 3 of 5

3 of 5

A preliminary injunction may be granted "when the party seeking such relief demonstrates: (1) a likelihood of ultimate success on the merits; (2) the prospect of irreparable injury if the provisional relief is withheld; and (3) a balance of equities tipping in the moving party's favor." Doe v Axelrod, 73 NY2d 748, 750 (1988).

Petitioner's main argument is, essentially, that because it is a *licensed* hemp purveyor[2] it was, pursuant to Cannabis Law § 134, not acting unlawfully at the time of its raids and therefore Cannabis Law § 138-a does not apply to it, because that statute prohibits the sale of marijuana and hemp by *unlicensed* stores.

However, neither the Cannabis Law's legislative purpose ("to regulate, control, and tax marihuana") nor its structure supports petitioner's argument. Generally, Article 6 has multiple sections that relate to licensees like petitioner. See e.g., Cannabis Law §§ 125(2) (prohibiting any "licensee" from selling "cannabis or cannabinoid hemp or hemp extract" for resale); 126(1) ("license[s]" are not transferable); 128(2) (no "license" may be used as collateral); 133(1) (any "license" may be "revoked, cancelled, suspended and/or subjected to the imposition of a civil penalty for cause"); 133(6) (CCB may "revoke, cancel, or suspend" any "license" where holder thereof "refused to permit a regulatory inspection by [CCB]"). And, specifically, § 138-a clearly and broadly references OCM's authority over "any person." See Super Smoke N Save LLC v New York State Cannabis Control Bd., 226 NYS3d 847, 857 (Sup Ct, Albany County 2025) (argument "that the powers granted to OCM under Cannabis Law § 138-a apply only to unlicensed operators … rings hollow and is contrary to the statutory language which applies to any person.").

Here, because respondent acted within the scope of its authority, pursuant to Cannabis Law § 138-a and 9 NYCRR § 133.25(d)(6), when it searched petitioner's stores and posted the subject NOVs, petitioner cannot demonstrate a likelihood of ultimate success on the merits; nor can it show that the balance of the equities tips in its favor. Further, as petitioner has not exhausted its administrative remedies and is still entitled to post-exhaustion Article 78 review, it cannot demonstrate irreparable injury if the provisional relief (which has already temporarily been granted since November) is withheld. Therefore, the motion for a preliminary injunction should be denied.

While compelling Fourth Amendment arguments have been made against searches similar to the one at bar, those arguments are not before this Court. See Super Smoke (finding searches of licensed hemp stores by OCM unreasonable and likely a violation of petitioner's Fourth Amendment rights).

As plaintiffs are unlikely to succeed on the merits, respondent's cross motion to dismiss should be granted. Cubas v Martinez, 33 AD3d 96, 102 (1st Dept 2006), affd as mod, 8 NY3d 611 (2007) (where "plaintiffs have no chance of succeeding on the merits of their claims … Supreme Court erred in granting the preliminary injunction and denying … cross motion to dismiss.").

---

[2] Petitioner acknowledges that as a cannabinoid hemp retailer it is subject to administrative searches, pursuant to 9 NYCRR § 114.11(f).

**160287/2024  MNG NEW YORK HOLDINGS, LLC D/B/A CBD KRATOM vs. NEW YORK STATE CANNABIS CONTROL BOARD ET AL
Motion No. 001**

Page 4 of 5

4 of 5

This Court has considered petitioner's other arguments and finds them to be unavailing and/or non-dispositive.

Conclusion

Therefore, petitioner's motion for a preliminary injunction is denied, the temporary restraining order that this Court issue is hereby vacated, respondent's cross-motion to dismiss is granted, and the Clerk is hereby directed to dispose of the petition accordingly.

HON. ARTHUR F. ENGORON

| 4/7/2025 | | ARTHUR F. ENGORON, J.S.C. |
|---|---|---|
| DATE | | |

| CHECK ONE: | [X] CASE DISPOSED | [ ] NON-FINAL DISPOSITION |
|---|---|---|
| | [ ] GRANTED  [ ] DENIED | [ ] GRANTED IN PART  [X] OTHER |
| APPLICATION: | [ ] SETTLE ORDER | [ ] SUBMIT ORDER |
| CHECK IF APPROPRIATE: | [ ] INCLUDES TRANSFER/REASSIGN | [ ] FIDUCIARY APPOINTMENT  [ ] REFERENCE |

**160287/2024   MNG NEW YORK HOLDINGS, LLC D/B/A CBD KRATOM vs. NEW YORK STATE**        Page 5 of 5
**CANNABIS CONTROL BOARD ET AL**
**Motion No. 001**

5 of 5