**Barkagan v Board of Mgrs. of 521 Park Ave. Condominium**

2025 NY Slip Op 31896(U)

May 29, 2025

Supreme Court, New York County

Docket Number: Index No. 156461/2025

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. LYLE E. FRANK**                 PART                     11M

*Justice*

-------------------------------------------------------------------------------X

SIMON BARKAGAN,                                    INDEX NO.        156461/2025

                          Plaintiff,              MOTION DATE        05/19/2025

                  - v -                           MOTION SEQ. NO.       001

THE BOARD OF MANAGERS OF 521 PARK AVENUE
CONDOMINIUM, 521 PARK AVENUE CONDOMINIUM              **DECISION + ORDER ON
                                                          MOTION**
                          Defendant.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 3, 9, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20

were read on this motion to/for         INJUNCTION/RESTRAINING ORDER         .

Upon the foregoing documents, plaintiff's request for a preliminary injunction is denied.[1]

## Background

Simon Barkagan ("Plaintiff") is the owner of a condominium unit in the building 521 Park Avenue Condominium (together with the Board of Managers of 521 Park Avenue Condominium, the "Defendants"). In 1992, Plaintiff alleges that he entered into an oral agreement with Defendants to lease two storage bins, originally for no cost but then starting in the late 1990s, for the monthly charge of $100 per bin. Plaintiff has a variety of personal goods stored in the Bins, including artwork. Then in 2015, the then-President of the Board requested that Plaintiff give up half the Bins space in order to buildout a small gym. Plaintiff admits that he has since encountered financial difficulties and has not been able to maintain the monthly charges on the remaining Bins space.

---

[1] The Court would like to thank Matthew Wisniewski for his assistance in this matter.

**156461/2025   BARKAGAN, SIMON vs. THE BOARD OF MANAGERS OF 521 PARK AVENUE**                **Page 1 of 4**
**CONDOMINIUM ET AL**
**Motion No.  001**

1 of 4

[* 1]

In July of 2024, Defendants sent an email to Plaintiff demanding that he remove his belongings from the Bins by the end of the month. Plaintiff made some payments on the space. Then in April of 2024, Defendants sent a letter through their agent informing Plaintiff that they would be taking back the Bins space in order to expand the gym, and that he had until May 18, 2025, to remove his property from the space. Plaintiff in response filed this proceeding, seeking declaratory and injunctive relief. Plaintiff has also filed a claim for unjust enrichment for the failure to abate the monthly charges after half the Bins space was surrendered.

**Standard of Review**

The granting of a preliminary injunction lies in the court's discretion, and it is "an extraordinary provisional remedy which will only issue where the proponent demonstrates (1) a likelihood of success on the merits; (2) irreparable injury absent a preliminary injunction, and (3) a balance of equities tipping in its favor." *Harris v. Patients Med., P.C.*, 169 A.D.3d 433, 434 [1st Dept. 2019]. If the movant fails to meet its burden to establish one of the elements, the request for injunctive relief must be denied. *See, e.g., Doe v Axelrod*, 73 NY2d 748, 750-51 [1988].

**Discussion**

Plaintiff here moves by order to show cause, seeking a preliminary injunction preventing Defendants from engaging in "self-help" or actively removing his belongings from the Bins. Defendants oppose. Because, for the reasons that follow, Plaintiff has not satisfied all three prongs of the preliminary injunction test, the motion is denied.

*Plaintiff Has Not Established a Likelihood of Success on the Merits*

Plaintiff argues that he has a tenancy in the Bins such that the Defendants would need to serve a warrant of eviction and comply with the requirements of RPAPL § 711 in order to regain

**156461/2025   BARKAGAN, SIMON vs. THE BOARD OF MANAGERS OF 521 PARK AVENUE CONDOMINIUM ET AL**
**Motion No.  001**

**Page 2 of 4**

2 of 4

[* 2]

possession. But the problem with this argument is that Plaintiff has not established a tenancy in the Bins, and the Bins are not a residence. There is no provision of his deed, proprietary lease, or any written agreement that grants him exclusive possession of the Bins. The Bins are part of the building's common elements, and therefore there is no individual right to exclusive possession of them. RPAPL § 711 only applies in cases of tenants and "lawful occupant[s] of a dwelling or housing accommodation" and while plaintiff has a property interest in his own items within the Bins, he does not have one in the Bins themselves.

*Plaintiff Likewise Has Not Established Irreparable Harm or That the Balance of the Equities*

*Favors Him*

Turning to the other two prongs, the Court finds that Plaintiff has not established that he would suffer irreparable harm because he can find another storage unit, or he can store his items at his current place of residence. Defendants have offered to give a reasonable amount of time for Plaintiff to remove his personal property, and defendant has also offered to help in Plaintiff's removal of the items. Furthermore, Defendants have provided an affidavit attesting to their intent not to destroy Plaintiff's belongings, but rather to move them to the door of Plaintiff's apartment or into his apartment, as he prefers. Finally, under these circumstances the balance of the equities tips in favor of Defendants' ability to exercise their business judgment as regards the common elements of the condominium. Accordingly, it is hereby

ADJUDGED that plaintiff's motion for a preliminary injunction is denied in its entirety; and it is further

ORDERED that the Temporary restraining order previously issued by this Court is extended for 30 days from the date of this Order and then vacated.

**156461/2025 BARKAGAN, SIMON vs. THE BOARD OF MANAGERS OF 521 PARK AVENUE CONDOMINIUM ET AL**
**Motion No. 001**

**Page 3 of 4**

[* 3]

3 of 4

20250529091649LFRANKB071776B0AD84EAB80C6980F80433D86

**5/29/2025**
**DATE**

**LYLE E. FRANK, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | **X** | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | **X** DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**156461/2025   BARKAGAN, SIMON vs. THE BOARD OF MANAGERS OF 521 PARK AVENUE CONDOMINIUM ET AL**                **Page 4 of 4**
**Motion No.  001**

[* 4]